641 P.2d 501

STATE FARM AUTOMOBILE INSUR-
ANCE COMPANY, Plaintiff-Appellee,

v.

Earl C. KIEHNE and Earl G. Kiehne,
Defendants-Appellees,

v.

Henry HOLDEN and Jill Holden, as Per-
sonal Representatives of the Estate of
Richard A. Holden, Deceased, Defend-
ants-Appellants.

No. 13670.

Supreme Court of New Mexico.

Feb. 22, 1982.

Bivins, Weinbrenner, Richards & Paulow-
sky, Neil E. Weinbrenner, J. Douglas Comp-
ton, Las Cruces, for defendants-appellants.

Atwood, Malone, Mann & Cooter, Russell
D. Mann, W. P. Lynch, Roswell, for defend-
ants-appellees.

## OPINION

SOSA, Senior Justice.

This is an appeal from a declaratory
judgment in favor of appellee, State Farm
Automobile Insurance Company (State
Farm), declaring that State Farm was not
liable to the estate of Richard Holden under
the provisions of an automobile policy is-
sued to Earl Kiehne. We affirm.

The automobile policy issued to Earl
Kiehne included liability and uninsured mo-
torist coverage on several of Kiehne's auto-
mobiles, including a 1973 Chevrolet. The
policy was subject to an endorsement
signed by Kiehne which excluded coverage
under the policy while Earl Craig Kiehne
(Craig) was driving any of the insured auto-
mobiles.

On August 11, 1977, Craig was driving
the 1973 Chevrolet and was involved in an
accident which resulted in the death of
Richard Holden, a passenger in the Chevro-
let. Appellants, as personal representatives

of the estate of Richard Holden, brought suit against the Kiehnes and against State Farm under the uninsured motorist provision of the policy.[1] State Farm then brought a declaratory action requesting the trial court to declare that State Farm was not liable to appellants under the policy. The trial court did so.

The question we address is whether the driver exclusion endorsement of the policy bars appellants from recovery under the uninsured motorist provision of the policy. We hold that it does.

The driver exclusion endorsement provides:

In consideration of the premium at which the policy is written it is agreed that the Company shall not be liable and *no liability or obligation of any kind shall attach to the Company for losses or damage sustained while any motor vehicle insured hereunder is driven or operated by Earl Craig Kiehne.* [Emphasis added.]

Appellants argue that the endorsement does not bar recovery under the uninsured motorist provision, since the endorsement does not specifically exclude the coverage.

 Generally, if an exclusionary provision is unambiguous and does not conflict with statutory law, the provision must be enforced. *Willey v. Farmers Insurance Group,* 86 N.M. 325, 523 P.2d 1351 (1974). If the provision is fairly susceptible of two different constructions by reasonably intelligent men, then the provision is ambiguous, *Alvarez v. Southwestern Life Insurance Co., Inc.,* 86 N.M. 300, 523 P.2d 544 (1974), and a court must liberally construe the section in favor of the insured, *Erwin v. United Benefit Life Insurance Company,* 70 N.M. 138, 371 P.2d 791 (1962).

 We find that the endorsement excluding "any kind" of liability when Craig was the driver of one of the insured automobiles is clear and unambiguous. Kiehne and State Farm bargained for a policy

which would absolve State Farm of "any" liability under the policy should Craig drive one of the insured automobiles. This included the exclusion of uninsured motorist coverage. "Any," in its usual and ordinary sense, means "without limit," WEBSTER'S NEW WORLD DICTIONARY 27 (1975); this is the construction we must give the endorsement, *see Safeco Ins. Co. of America, Inc. v. McKenna,* 90 N.M. 516, 565 P.2d 1033 (1977).

Next, we find without merit appellants' contention that, if the driver exclusion endorsement operates to exclude uninsured motorist coverage, the endorsement violates the purposes and policy behind New Mexico's uninsured motorist statute, §§ 66–5–301 through 66–5–303, N.M.S.A.1978 (Orig. Pamp. and Cum.Supp.1981).

 Our uninsured motorist statute provides that no motor vehicle or automobile liability policy shall be issued unless uninsured motorist coverage is provided therein. The statute also provides that a named insured shall have the right to reject the coverage. § 66–5–301, N.M.S.A.1978. The policy behind uninsured motorist coverage is to compensate those persons injured through no fault of their own. *Chavez v. State Farm Mutual Automobile Ins. Co.,* 87 N.M. 327, 533 P.2d 100 (1975). Since uninsured motorist coverage is not mandatory, the failure of a named insured to carry such coverage does not violate the public policy of the state as codified by the statute. *See McCullough v. Standard Fire Ins. Co. of Ala.,* 404 So.2d 637 (Ala.1981).

In this case, Kiehne bargained for a policy which would exclude all coverage if Craig were the driver of one of the insured automobiles involved in an accident. Kiehne could not have recovered under the uninsured motorist provision had he been the passenger; similarly, the estate of Richard Holden cannot recover. In effect, no automobile insurance policy covering the 1973 Chevrolet existed while Craig drove

1. Appellants argued that, since Richard Holden was an occupant of the automobile, he was an insured motorist under coverage U of the policy, and, since Craig was an "excluded" driver, the automobile was uninsured; thus, State Farm was liable to the estate of Richard Holden under the uninsured motorist provision of the policy.

the automobile. Therefore, no one could be an "insured" and claim coverage under the uninsured motorist provision of the policy.

We hold that the driver exclusion endorsement in this case was sufficient to exclude uninsured motorist protection from the policy.

The trial court is affirmed.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.