872 P.2d 358

**Erma TAFOYA, mother and next friend of Gilbert Armijo, a minor, Plaintiff–Appellant,**

v.

**WESTERN FARM BUREAU INSURANCE CO., Defendant–Appellee.**

**No. 21244.**

Supreme Court of New Mexico.

March 29, 1994.

Wesley Reid Bobbitt, P.C., Wesley Reid Bobbitt, Albuquerque, for plaintiff-appellant.

Madison, Harbour, Mroz & Puglisi, P.A., Jennifer L. Weed, Neils L. Thompson, Albuquerque, for defendant-appellee.

*OPINION*

BACA, Justice.

Plaintiff–Appellant, Erma Tafoya, acting as next friend of her minor son, Gilbert Armijo, appeals the district court's order granting summary judgment in favor of the Defendant–Appellee, Western Farm Bureau Insurance Co. ("Western"). This case arose out of an automobile accident in which Armijo was the passenger. Armijo sustained personal injuries and was awarded a default judgment against the parents of the child who was driving the van at the time of the accident, Justo and Eileen Martinez ("the Martinezes"). Plaintiff initiated garnishment proceedings against Western, the company who issued the Martinezes' automobile insurance policy. Western denied that it owed any debt to Plaintiff. Plaintiff then filed a complaint in controversion of garnishee's answer to writ of garnishment against Western. Western filed a motion for summary judgment, which was granted by the district court. On appeal we address one issue: Whether a drivers exclusion endorsement that does not bear the signatures of all named insureds is ineffective under the Mandatory Financial Responsibility Act, NMSA 1978, §§ 66–5–201 to –239 (Repl.Pamp.1989 & Cum.Supp.1993) ("the Act"). We review this case pursuant to SCRA 1986, 12–102(A)(1) (Repl.Pamp.1992), and reverse.

## I

The facts relevant to this appeal are as follows. Plaintiff originally brought suit against the Martinezes, Freddie Martinez's parents, and Freddie Martinez individually. The Martinezes were the owners of a van driven by Freddie Martinez on January 11, 1992, when it was involved in a collision with a train. On that evening, Freddie Martinez was driving the van at a moderate speed down a road that approached a railroad crossing. As the van got closer to the railroad tracks, the brakes failed to work properly. The van rolled into the side of the moving train at a slow speed. As a result of the collision, Armijo, who was the passenger in the van, suffered personal injuries.

The Martinezes' automobile policy was with Western. The omnibus clause of the policy provided that the Martinezes were covered for liability "arising out of an occurrence" involving an insured vehicle. The policy defines "occurrence" to mean "an accident arising out of the ownership, maintenance or use of a motor vehicle...." When the Martinezes initially applied for insurance with Western, the application for coverage incorrectly stated that Freddie Martinez was six years old and further stated that Justo and Eileen Martinez were the only licensed drivers in the household. After the issuance of the insurance policy and completion of the erroneous application, Freddie Martinez was involved in an accident while driving the family vehicle. Upon learning of the accident, Western advised Eileen Martinez that it would either have to increase the premiums to cover the teenage driver or exclude Freddie Martinez from the policy. Eileen Martinez advised Western that the premium was too high and that she would agree to exclude Freddie Martinez as a named insured. Eileen Martinez then executed the named operator exclusion endorsement that specifically excluded Freddie Martinez as a covered driver under the policy. The drivers exclusion endorsement, conceded to be attached to the Martinezes' policy at the time of the accident, provided:

> Nothing herein contained shall alter, vary, waive, or extend any provision or condition of the policy except as herein provided. Subject to all other terms and conditions of the policy to which this endorsement is attached, it is understood and agreed by and between the Company and the Named Insured that as part of the consideration for the issuance or continuance of this policy, that the policy to which this endorsement is attached, shall not be in force and effect while any motor vehicle which would be covered by the policy is being operated by, in care of, or in charge of Freddy [sic] Martinez.

Plaintiff alleged that the Martinezes entrusted their van to Freddie Martinez although the van "was in a dangerous operating condition in that [it] had unsafe and inadequate braking capability and braking components," and that they "knew, or should have known, of the dangerous condition of the brakes of the van."

The Martinezes sought bankruptcy protection after they were served with the complaint. The United States Bankruptcy Court for the District of New Mexico entered an order permitting the proceeding to continue in respect to the Martinezes, but solely for the purpose of allowing enforcement of any judgment obtained, by garnishment or other means, against Western. A default judgment was entered against the Martinezes in the amount of $35,000.

Upon receiving the default judgment, Plaintiff initiated garnishment proceedings against Western. Western denied that it owed any debt to Plaintiff. In response to Plaintiff's complaint, Western denied that the coverage limits of its policy were applicable to the judgment entered against the Martinezes and filed for summary judgment, contending that its policy specifically excluded coverage for any motor vehicle while it was being operated by, in the care of, or in the charge of Freddie Martinez. The district court granted the motion for summary judgment.

## II

On appeal, we address whether the requirements of the Act were satisfied with respect to the drivers exclusion endorsement. The Act provides that an insurer and an

insured may contract, in a motor vehicle liability policy, to exclude a named driver. Section 66–5–221(K) ("The certified motor vehicle liability policy may be endorsed to eliminate a named driver."); *see also Garza v. Glen Falls Ins. Co.*, 105 N.M. 220, 222–23, 731 P.2d 363, 365–66 (1986) (holding that drivers exclusion endorsement is enforceable when in form set forth in Section 65–5–222). "Such endorsement must bear the signatures of the named insured." *Id.*

Plaintiff contends that the named operator exclusionary endorsement contained in the Martinezes' insurance policy fails to comply with the provisions of the Act with respect to Justo Martinez because he did not sign the drivers exclusion endorsement. Plaintiff argues that the Act clearly requires the "signatures" of each named insured and not just the signature of one of the named insureds. We agree.

Justo and Eileen Martinez's names are listed prominently at the top of the declarations sheet of their insurance policy; thus both Justo and Eileen Martinez were named insureds. *See* Robert E. Keeton & Alan I. Widiss, *Insurance Law*, § 4.9(a) (practitioner's ed. 1988) (identity of "named insured" determined by examining declarations page of policy for person or persons named who purchased coverage). Since both Justo and Eileen Martinez were named insureds, they both were required to sign the drivers exclusion endorsement for the exclusion to be valid. *See* Section 66–5–221(K). Although this may seem to be inconvenient to policyholders who wish to exclude their minor children from their policies, our holding today is in conformance with the legislature's purpose behind the Act. The legislature expressed this purpose in Section 66–5–201.1:

> The legislature is aware that motor vehicle accidents in the state of New Mexico can result in catastrophic financial hardship. The purpose of the Mandatory Financial Responsibility Act is to require and encourage residents of the state of New Mexico who own and operate motor vehicles upon the highways of the state to have the ability to respond in damages to accidents arising out of the use and operation of a motor vehicle. It is the intent that the risks and financial burdens of motor vehicle accidents be equitably distributed among all owners and operators of motor vehicles within the state.

(citation omitted).

The exclusion of a member of a household from an automobile policy clearly results in the possibility that owners or operators of motor vehicles will be unable to "respond in damages to accidents arising out of the use and operation of a motor vehicle." The legislature allows for this possibility in Section 66–5–221(K), but also requires that any exclusionary endorsement "bear the signatures of the named insured." The legislature did not contemplate that only one named insured would sign such an endorsement. In fact, in Section 66–5–222, a drivers exclusion endorsement form is provided for insurance companies in which two signature lines are provided. The legislature must have contemplated that all policy holders would sign such an endorsement. This comports with the policy of requiring automobile insurance in this state. If only one of the named insureds had the authority to validate an exclusionary endorsement, other named insureds potentially would be unaware of their exposure to liability when the excluded driver was operating the otherwise insured vehicle. As a matter of law, the district court improperly granted summary judgment on behalf of Western. *See Koenig v. Perez*, 104 N.M. 664, 665, 726 P.2d 341, 342 (1986). Because we find that the exclusionary endorsement was ineffective to exclude Freddie Martinez, we need not reach the second issue raised by Plaintiff: Whether the exclusionary endorsement eliminated coverage for negligent maintenance and negligent entrustment of a dangerous vehicle. The order of the district court is **REVERSED**, and the cause is remanded for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

MONTGOMERY, C.J., and RANSOM, J., concur.