888 P.2d 1004

**Raymond Douglas MOORE, Jr., Plaintiff-Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Raymond P. Pratt, Defendants–Appellees.**

No. 15642.

Court of Appeals of New Mexico.

Dec. 8, 1994.

Certiorari Denied Jan. 17, 1995.

Leon J. Thomas, Duhigg, Cronin & Spring, P.A., Albuquerque, for plaintiff-appellant.

Terry R. Guebert, Donald G. Bruckner, Jr., Guebert & Yeomans, P.C., Albuquerque, for defendants-appellees.

## OPINION

ALARID, Judge.

Raymond Moore, Jr. (Plaintiff) appeals the district court's order granting summary judgment. The district court ruled that State Farm Mutual Automobile Insurance Company's (State Farm) driver's exclusion agreement was valid under New Mexico's Financial Responsibility Act. The district court also ruled that Plaintiff was not entitled to recovery under the uninsured motorist provisions of his parents' automobile insurance because he was operating a vehicle at the time of his accident. We affirm.

## FACTS

On March 22, 1991, Plaintiff was involved in an accident with an uninsured motorist. The Moore family had two cars insured with State Farm: a 1977 Datsun, Policy No. 181–6871–B27–31A, and a 1987 Mazda, Policy No. 168–4748–B05–31D. As we will discuss below, coverage on a third policy for a 1980 Oldsmobile, No. 180–7795–F12–31A, terminated before the accident. Each vehicle had $25,000 uninsured motorist coverage per person. Plaintiff was living with his family at the time of the accident, but was not driving one of the insured vehicles. Raymond Moore, Sr. (Plaintiff's father) had signed a driver exclusion agreement covering all the vehicles which read:

IN CONSIDERATION OF THE PREMIUM CHARGED FOR *YOUR* POLICY IT IS AGREED WE SHALL NOT BE LIABLE AND NO LIABILITY OR OBLIGATION OF ANY KIND SHALL ATTACH TO US FOR *BODILY INJURY, LOSS* OR DAMAGE UNDER ANY OF THE COVERAGES OF THE POLICY

WHILE ANY MOTOR VEHICLE IS OPERATED BY <u>Raymond Douglas Moore Jr</u>

Plaintiff claims he is entitled to uninsured motorist coverage under the State Farm automobile insurance policies issued to his family. State Farm moved for summary judgment claiming that the driver's exclusion agreement signed by Plaintiff's father was valid and dispositive of the claim. State Farm concludes Plaintiff was not entitled to recovery under the uninsured motorist provisions because he was operating a motor vehicle at the time of the accident. Summary judgment was granted; the issues on appeal are: (1) whether a driver exclusion agreement pursuant to NMSA 1978, Sections 66–5–221(K) and –222 (Repl.Pamp.1989), applies to uninsured motorist coverage as well as liability coverage; and, (2) whether the driver exclusion agreement form provided by State Farm is valid. We affirm.

*DISCUSSION*

The granting of summary judgment is proper when no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. *Roth v. Thompson,* 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992). In the present case, we affirm the granting of summary judgment for State Farm. We reaffirm that a driver exclusion agreement pursuant to Sections 66–5–221 and –222 applies to uninsured motorist coverage as well as liability coverage in New Mexico. We further determine as a matter of law that the two applicable policies in effect at the time of Plaintiff's accident excluded Plaintiff from uninsured motorist coverage.

A. *SECTIONS 66–5–221(K) AND –222 ARE APPLICABLE TO UNINSURED MOTORIST COVERAGE AS WELL AS LIABILITY*

■ The issue whether Sections 66–5–221(K) and –222 apply to uninsured motorist coverage as well as liability has already been decided by New Mexico courts. In *State Farm Automobile Insurance Co. v. Kiehne,* 97 N.M. 470, 471, 641 P.2d 501, 502 (1982), our Supreme Court explicitly held that a driver exclusion endorsement bars the excluded driver from recovery under uninsured

motorist provisions. Contrary to Plaintiff's assertions, a policy *can* single out family members to exclude from uninsured motorist coverage. Such exclusion does not violate the purpose or policy behind New Mexico's uninsured motorist statute. *Id.*

Plaintiff argues that *Kiehne* should be distinguished because it was decided before uninsured motorist coverage became "mandatory" in New Mexico. Plaintiff is simply wrong in his assertion on the law. *Kiehne* was decided under NMSA 1978, Section 66–5–301 (Orig.Pamp.), which reads in relevant part:

[N]o motor vehicle or automobile liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person, and for injury to or destruction of property of others arising out of the ownership, maintenance or use of a motor vehicle, *shall be delivered or issued for delivery in this state . . .* unless coverage is provided therein or supplemental thereto . . . *for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. . . . *[T]he named insured shall have the right to reject such coverage . . . .* (Emphasis added.)

The present case relies on NMSA 1978, Section 66–5–301 (Repl.Pamp.1989), which reads:

A. No motor vehicle or automobile liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person and for injury to or destruction of property of others arising out of the ownership, maintenance or use of a motor vehicle *shall be delivered or issued for delivery in New Mexico . . .* unless coverage is provided therein or supplemental thereto . . . *for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. . . .

. . . .

C. . . . . *The named insured shall have the right to reject uninsured motorist coverage . . . .* (Emphasis added.)

The statutes are substantively identical. Uninsured motorist coverage must be offered to New Mexico drivers, but named insureds have always had the right to reject such coverage. *See also Garza v. Glen Falls Ins. Co.*, 105 N.M. 220, 221–22, 731 P.2d 363, 364–65 (1986) (interpreting *Kiehne* to permit exclusion under uninsured motorist coverage). This distinguishes *Employers Mutual Casualty Co. v. McKeon*, 159 Ariz. 111, 765 P.2d 513 (1988), on which Plaintiff relies, because the court in *McKeon* relied on the fact that Arizona adopted *mandatory* uninsured motorist coverage and specifically recognized this difference in New Mexico's statutory coverage. *Id.*, 159 Ariz. at 114–15, 765 P.2d at 516–17.

Subsection C gives named insureds the right to reject uninsured motorist coverage. *Romero v. Dairyland Ins. Co.*, 111 N.M. 154, 155, 803 P.2d 243, 244 (1990). Plaintiff's father bargained for a policy which would exclude all coverage if his son was driving a vehicle. "In effect, no automobile insurance policy covering the [insured vehicle] existed while [the son] drove the automobile. Therefore, no one could be an 'insured' and claim coverage under the uninsured motorist provision of the policy." *Kiehne*, 97 N.M. at 471–72, 641 P.2d at 502–03. *Kiehne* is applicable to the case at bar and exclusion agreements apply to uninsured motorist coverage in New Mexico.

## B. *VALIDITY OF DRIVER EXCLUSION AGREEMENT*

### 1. *Substantially Similar in Form to Section 66–5–222*

█ Section 66–5–222 provides a sample form for insurer's use as a driver's exclusion endorsement. Section 66–5–221(K), states that a "certified motor vehicle liability policy may be endorsed to eliminate a named driver. Such endorsement must bear the signatures of the named insured. Forms for such named drivers exclusion must be substantially similar to the form provided in Section 66–5–222 NMSA 1978." The form provided by Section 66–5–222 reads:

In consideration of the premium for which the policy is written, it is agreed that the company shall not be liable and no liability or obligation of any kind shall be attached to the company for losses or damages sustained after the effective date of this endorsement while any motor vehicle insured hereinunder is driven or operated by [excluded driver(s).]

The State Farm form is substantially similar except that it refers to "any motor vehicle" without the limitation that they be vehicles insured by the company.

Plaintiff claims that deleting the language "insured hereinunder" broadens Section 66–5–222 beyond its intended scope and is not substantially similar in meaning; therefore, State Farm's exclusion agreement is invalid. The district court held that Sections 66–5–221 and –222 must be read together; namely, that the law allows a policy to eliminate a named driver. Section 66–5–221(K) simply allows for policies to be "endorsed to eliminate a named driver." State Farm wrote its policy to exclude Plaintiff, and his father's signature appears on the agreement. The district court was correct in finding the form to be valid and properly awarded summary judgment to State Farm.

As the district court points out, if we were to adopt Plaintiff's interpretation of the statute, State Farm would have been required to insure Plaintiff for liability, medical coverage, and all other provisions of the policy if he had been driving any other vehicle than his father's. Clearly, this result is not what the legislature intended. It would be illogical to allow State Farm to exclude a certain driver from uninsured motorist coverage when he is operating an *insured* vehicle, and at the same time require it to cover that person while operating an *uninsured* vehicle.

Plaintiff argues that exclusion of a family member violates the public policy uninsured motorist provisions are trying to protect. However, State Farm's exclusion agreement presents a "countervailing public policy consideration—the freedom to contract." *State ex rel. Udall v. Colonial Penn Ins. Co.*, 112 N.M. 123, 126, 812 P.2d 777, 780 (1991).

New Mexico ... has a strong public policy of freedom to contract that requires enforcement of contracts unless they clearly contravene some law or rule of public

morals. "Great damage is done where businesses cannot count on certainty in their legal relationships and strong reasons must support a court when it interferes in a legal relationship voluntarily assumed by the parties."

*United Wholesale Liquor Co. v. Brown–Forman Distillers Corp.,* 108 N.M. 467, 471, 775 P.2d 233, 237 (1989) (quoting *City of Artesia v. Carter,* 94 N.M. 311, 314, 610 P.2d 198, 201 (Ct.App.), *cert. denied,* 94 N.M. 628, 614 P.2d 545 (1980)). Upholding the validity of State Farm's driver exclusion agreement protects insurers while allowing people freedom of choice in their insurance coverage.

### 2. Compliance With Signature Requirement of Section 66–5–222

Plaintiff contends that the State Farm driver's exclusion *endorsements* were not signed by the named insureds, as required by Section 66–5–221(K). Plaintiff does acknowledge in his brief in chief, however, that Plaintiff's father did sign a "Request for Total Driver Exclusion Endorsement," the language of which "mirrors" that of the endorsements. The signature of Plaintiff's father appears on a State Farm form entitled "Driver Exclusion Agreement." Plaintiff attempts to play with semantics and argue form over substance when saying this "agreement" does not comply with the language of the "endorsement" in Section 66–5–222.

The agreement signed by Plaintiff's father nevertheless refers to three policies. For Policy Nos. 181–6871–B27–31A (the 1977 Datsun) and 168–4748–B05–31D (the 1987 Mazda), Plaintiff's father is the named insured. Policy no. 180–7795–F12–31A for the 1980 Oldsmobile, on the other hand, lists both Plaintiff's father and mother as named insureds.

▪ *All* named insureds on a policy are required to sign the driver's exclusion agreement for the exclusion to be valid. *Tafoya v. Western Farm Bureau Ins. Co.,* 117 N.M. 385, 387, 872 P.2d 358, 360 (1994). Therefore, Plaintiff was effectively excluded from the Mazda and Datsun's policies, but not from the Oldsmobile's policy because the exclusion agreement was not signed by Plaintiff's mother. However, the record indicates, and Plaintiff agrees in his reply brief, that the policy on the Oldsmobile was not in effect on the date of the accident in question. Thus, Plaintiff was effectively excluded from all family policies at the date of the accident and cannot collect under any State Farm uninsured motorist provision.

### 3. Compliance With Consideration Requirement of Section 66–5–222

▪ Plaintiff contends that State Farm is in violation of the consideration requirement of Section 66–5–222 because it failed to *reduce* the premium charged for the elimination of Plaintiff as a driver. Because there was no such reduction in exchange for the exclusion of a high risk driver, Plaintiff asserts that State Farm's exclusionary endorsement did not comply with the plain language requirement of the statute. Plaintiff again indulges in semantic exercises. Insurance companies are not obligated to insure all who apply for policies. An October 12, 1990, letter to Plaintiff's parents indicated that State Farm would not be willing to continue automobile insurance coverage to the family based on Plaintiff's poor driving record. Furthermore, the driver exclusion agreement clearly stated that State Farm would not continue to insure Plaintiff's parents unless they excluded their son as a driver. Therefore, in consideration for excluding Plaintiff as a driver, Plaintiff's father was able to continue purchasing insurance coverage from State Farm.

### CONCLUSION

The uncontested evidence presented in the record is that Plaintiff's father signed an agreement excluding Plaintiff from State Farm automobile insurance. The exclusion agreement was valid as to uninsured motorist coverage. Therefore, we affirm the district court's granting of summary judgment for State Farm.

**IT IS SO ORDERED.**

PICKARD and BLACK, JJ., concur.