**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TRENIA WILSON; TOM WILSON,

Plaintiffs-Appellants,

v.

FEDERATED SERVICE
INSURANCE COMPANY,

Defendant-Appellee.

No. 98-2161
(D.C. No. CIV-97-1142-DJS/LFG)
(D. N.M.)

ORDER AND JUDGMENT *

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Trenia and Tom Wilson appeal from an order of the district court granting defendant's motion for summary judgment in this declaratory judgment action. We affirm.

The Wilsons commenced this action after Ms. Wilson was seriously injured in an automobile accident. At the time of the accident, Ms. Wilson was employed by Teague Strebeck Motors, Inc. and was driving a vehicle owned and insured by her employer. Ms. Wilson settled her liability claim against the other driver for that driver's policy limit. As the costs of her injuries exceeded that policy limit, she sought additional coverage under the uninsured/underinsured motorist (UM/UIM) provision of defendant's policy with Teague Strebeck. Defendant denied her claim on the basis that Teague Strebeck, the named insured, had waived UM/UIM coverage for its employees.

The district court granted summary judgment for defendant holding that Teague Strebeck's rejection of UM/UIM coverage was valid. On appeal Ms. Wilson argues that genuine issues of material fact exist as to whether Teague Strebeck's rejection of UM/UIM coverage was valid as the rejection rider was not signed. She also contends that even if the rejection was valid, she should be provided coverage because she did not know of the waiver.

We review the district court's ruling on a motion for summary judgment de novo examining "the record to determine whether any genuine issue of

material fact was in dispute" and "if the substantive law was applied correctly."

McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998)

(quotation omitted). The parties agree on the facts[1] and therefore, our review is

limited to examining the district court's application of the substantive law.

Uninsured motorist coverage must be offered to New Mexico drivers. See

Moore v. State Farm Mut. Auto. Ins. Co., 888 P.2d 1004, 1007 (N.M. Ct. App.

1994). However, named insureds may reject this coverage. See id.; N.M. Stat.

Ann. § 66-5-301C. To be valid, the rejection

> must be made a part of the policy by endorsement on the
> declarations sheet, by attachment of the written rejection
> to the policy, or by some other means that makes the
> rejection a part of the policy so as to clearly and
> unambiguously call to the attention of the insured the
> fact that such coverage has been waived.

Romero v. Dairyland Ins. Co., 803 P.2d 243, 245 (N.M. 1990).

The rejection was made a part of the policy here. See App. at 6 (policy

attachment stating that only directors, officers, partners, or owners of Teague

Strebeck are provided UN/UIM coverage). Thus, the requirements set forth by

the regulations promulgated by the New Mexico Department of Insurance were

met. A signed waiver is not required. Cf. Kaiser v. DeCarrera, 923 P.2d 588, 590

---

[1] Although Ms. Wilson claims questions of fact exist, her arguments actually present issues of law, appropriate for disposition in a summary judgment motion.

(N.M. 1996) (signed rejection of UM/UIM coverage alone is insufficient, rejection must comply with Department of Insurance regulations).

Ms. Wilson's remaining arguments are likewise without merit. The named insured does not become an agent of the insurance company. New Mexico regulations do not require that anyone who is not the named insured be aware that the named insured has rejected UM/UIM coverage. We note that even if Ms. Wilson had been aware that Teague Strebeck had rejected UM/UIM coverage, she had no authority to insist that her employer provide such coverage for her.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. Plaintiff's motion to certify this appeal to the New Mexico Supreme Court is DENIED.

Entered for the Court

David M. Ebel
Circuit Judge

-4-