**FEDERATED SERVICE INSURANCE COMPANY, a Minnesota corporation, Plaintiff–Appellee,**

v.

**Danny MARTINEZ, Defendant–Appellant.**

No. 07–2293.

United States Court of Appeals, Tenth Circuit.

Dec. 1, 2008.

Robert E. Hanson, Lauren Keefe, Peifer, Hanson & Mullins, P.A., Albuquerque, NM, for Plaintiff–Appellee.

Steven C. Ewing, Marron, McKinnon & Ewing, James T. Roach, Janet Santillanes, Albuquerque, NM, for Defendant–Appellant.

Before BRISCOE, TYMKOVICH, and GORSUCH, Circuit Judges.

## CERTIFICATION OF QUESTION OF STATE LAW

TIMOTHY M. TYMKOVICH, Circuit Judge.

This declaratory judgment case is on appeal from the United States District Court for the District of New Mexico. Danny Martinez, a non-managerial employee of Capitol Motor Company, was seriously injured in an accident involving an uninsured motorist on Capitol's premises. Federated Service Insurance Company, the issuer of Capitol's commercial insurance policy, rejected Mr. Martinez's claims for uninsured/underinsured motorist benefits ("UM/UIM") claiming Capitol had validly waived such coverage for its non-managerial employees. Federated

filed a declaratory judgment action naming Martinez as the defendant. The filing asked the district court to hold a policy change endorsement, which stated that all non-managerial employees of Capitol are "NOT COVERED" for the purposes of UM/UIM insurance, qualified as a valid rejection of uninsured motorist coverage under New Mexico law. Although Capitol requested this policy change and was issued a partial refund as a result, it never signed any document memorializing its rejection of UM/UIM coverage for its non-managerial employees.

On cross-motions for summary judgment, the district court granted Federated's motion for summary judgment concluding the endorsement was a valid rejection because (1) New Mexico law does not require a rejection of UM/UIM coverage to be in any particular form, (2) an actual written rejection signed by the insured party is only one of many possible means of rejecting UM/UIM coverage, and (3) so long as the rejection of UM/UIM coverage is clearly and unambiguously called to the attention of the insured party, the requirements of New Mexico law are satisfied. Martinez appeals that decision.

Because the disposition of this appeal turns on an important and unsettled question of New Mexico's UM/UIM law, we grant Martinez's motion to certify the issue to the New Mexico Supreme Court. As a result, the United States Court of Appeals for the Tenth Circuit submits this request to the Supreme Court of New Mexico to exercise its discretion to accept the following certified question of New Mexico law in accordance with 10th Circuit Rule 27.1 and New Mexico Rule 12–607:

For a valid rejection of UM/UIM coverage under New Mexico law, must that

appeal in his "Third Brief Motion Answer,"     his request is denied.

rejection be written, signed by the insured, and attached to the policy?

## I. Background

The facts of this case are undisputed. In March 2001, Federated first issued an insurance policy to Capitol, an automobile dealership in Santa Fe, New Mexico. This initial policy provided two levels of UM/UIM motorist coverage: one level for managerial employees set at $500,000 per accident and another level for non-managerial employees set at $60,000 per accident.

The parties' controversy stems from a subsequent adjustment to this policy made by Capitol in 2002. Capitol's general manager testified he authorized Federated's agent to change the insurance policy to waive UM/UIM coverage for non-managerial employees. When this change went into effect in May 2002, Federated issued a premium credit of $505 to Capitol. In subsequent years, each annual policy renewal included an attached endorsement expressly limiting UM/UIM coverage to managerial employees only and stating non-managerial employees were "NOT COVERED." Capitol has maintained throughout the litigation that it was fully aware it had waived UM/UIM coverage for non-managerial employees from May 2002 onward.

In May 2005, Martinez, a Capitol employee, was seriously and permanently injured when he was struck by an automobile driven by an uninsured motorist on Capitol's premises. After the accident, Martinez made a demand on Federated for UM/UIM benefits under Capitol's insurance policy. Because Martinez was not a director, officer, partner or owner of Capitol, as provided in the policy endorsement for UM/UIM coverage, Federated rejected Martinez's demand. Federated subsequently filed a declaratory judgment action asking the district court to hold Capitol

had effectively rejected UM/UIM coverage for its non-managerial employees under New Mexico law. Martinez counterclaimed, arguing the policy endorsement was not a valid rejection of UM/UIM coverage.

After the parties filed cross-motions for summary judgment on this issue, the district court determined the attached policy endorsement, issued by Federated at Capitol's request, was a valid rejection of UM/UIM coverage for non-managerial employees and granted Federated's summary judgment motion. In particular, the district court acknowledged that New Mexico law required all automobile insurance policies to provide uninsured motorist coverage unless such coverage was specifically rejected by the named insured. It noted that a rejection of UM/UIM coverage must "'clearly and unambiguously call to the attention of the insured the fact that such coverage has been waived,' and should 'ensure that the insured has affirmative evidence of the extent of coverage.'" *Federated Serv. Ins. v. Martinez,* No. 1:06–cv–00638–JP–WDS, Mem. Op. & Order at 6 (D.N.M. Aug. 31, 2007) (citing and quoting *Romero v. Dairyland Ins.,* 111 N.M. 154, 803 P.2d 243, 245 (1990)). After differentiating other New Mexico cases, the district court concluded "there does not appear to be any requirement under New Mexico law that a rejection of UM/UIM coverage take[ ] any particular form." *Id.* at 8. Consequently, the court held the endorsement was a valid rejection of UM/UIM coverage under New Mexico law because the endorsement provided affirmative evidence of the scope of Capitol's coverage under its insurance policy and "clearly and unambiguously calls to the attention of the insured the fact that such coverage has been waived" with respect to non-managerial employees. *Id.* at 9 (quotation omitted).

## II. Analysis

Martinez's appeal challenges the validity of Federated's endorsement as a rejection of UM/UIM coverage and implicates a potentially unsettled question of New Mexico insurance law. Specifically, the question presented on appeal is whether New Mexico law requires a rejection of UM/UIM coverage to be signed or written by the insured and attached to the policy for it to be valid. *See* N.M. Stat. § 66–5–301 (1983); N.M.Code R. § 13.12.3.9 (Weil 2005) ("The rejection of the provisions covering damage caused by an uninsured or unknown motor vehicle as required in writing by the provisions of Section 66–5–301 NMSA 1978 must be endorsed, attached, stamped or otherwise made a part of the policy of bodily injury and property damage insurance.").

We previously addressed this issue in an unpublished opinion. In *Wilson v. Federated Service Insurance Co.*, No. 98–2161, 1999 WL 178629, at *1 (10th Cir. Apr.1, 1999), we stated that, although "uninsured motorist coverage must be offered to New Mexico drivers ... named insureds may reject this coverage." (citing *Moore v. State Farm Mut. Auto. Ins.*, 119 N.M. 122, 888 P.2d 1004, 1007 (N.M.Ct.App.1994)). But we also noted that "[t]o be valid, the rejection 'must be made a part of the policy by endorsement on the declarations sheet, by attachment of the written rejection to the policy, or by some other means that makes the rejection a part of the policy so as to clearly and unambiguously call to the attention of the insured the fact that such coverage has been waived.'" *Id.* (quoting *Romero*, 803 P.2d at 245). As a result, we held that under New Mexico law, a policy attachment or endorsement "stating that only directors, officers, partners, or owners of [the insured] ... are provided UM/UIM coverage" was a valid waiver of UM/UIM coverage for non-managerial employees of the insured. *Id.* Most notably, we expressly stated that a "signed waiver is not required." *Id.*

Two recent New Mexico cases cited by both parties call into question our reasoning in *Wilson*. First, Martinez argues *Montano v. Allstate Indem. Co.*, 135 N.M. 681, 92 P.3d 1255, 1256 (2004) stands for the proposition that an insurance company must now obtain written rejections of coverage from the insured and that a mere declaration by the insurance company is no longer sufficient. Although Martinez recognizes *Montano* dealt specifically with the validity of anti-stacking clauses in UM coverage, he contends its underlying reasoning would naturally extend to the validity of UM/UIM waivers. *See Montano*, 92 P.3d at 1256 (dealing with the validity of a disclaimer of stacking UM limits, apparently rejecting previous case law which had permitted, in theory, unambiguous anti-stacking clauses declared by the insurer, and announcing a new rule requiring an insurer to obtain a written rejection of stacking from the insured in order to limit liability coverage). Consequently, Martinez argues the policy endorsement provided by Federated, without a written and signed rejection by Capitol of UM/UIM coverage for its non-managerial employees, was ineffective to waive coverage.

In contrast, Federated cites *Marckstadt v. Lockheed Martin Corp. Missiles & Fire Control*, 145 N.M. 90, 194 P.3d 121 (N.M.Ct.App.2008), *cert. granted*, No. 31,-258 (N.M. Oct. 1, 2008), as directly resolving the question presented here. In *Marckstadt*, the New Mexico Court of Appeals addressed, as a matter of first impression, whether an attached but unsigned endorsement indicating a rejection of UM/UIM coverage constituted sufficient evidence of a rejection under New Mexico law. *Id.* at 124. First, the court acknowledged the New Mexico insurance

regulation required the rejection to be "endorsed, attached, stamped or otherwise made a part of the policy." *Id.* (quoting N.M.Code R. § 13.12.3.9). Second, the court held *Romero,* N.M. Stat. § 66–5–301, and N.M.Code R. § 13.12.3.9 do not expressly or impliedly stand for the proposition that a rejection of UM/UIM coverage must necessarily contain the signature of the insured in order to be valid. *Id.* at 125. Finally, the court noted the "policy of providing affirmative evidence of rejection of UM coverage is inapplicable where the insured maintains that he or she never doubted whether UM coverage had been rejected." *Id.* Consequently, the court held that an endorsement constituted sufficient evidence of a rejection of UM/UIM coverage where such an endorsement provided the insured party affirmative evidence of its rejection and where the insured party has never questioned that rejection. *Id.* at 126.

The factual and legal issues in *Marckstadt* are nearly identical to the dispute between Martinez and Federated. The endorsement here was attached to the policy issued by Federated, it clearly stated that UM/UIM coverage was waived for Capitol's non-managerial employees, and Capitol has never disputed it waived such coverage. Nonetheless, we are uncertain of the status of New Mexico law on this issue as the New Mexico Supreme Court recently granted certiorari in *Marckstadt.*

### III. Certification of the Question to the New Mexico Supreme Court

This court therefore concludes that certification of this question will further the interests of comity and federalism by giving the New Mexico Supreme Court the opportunity to answer the questions in the first instance, should it elect to do so. This court recognizes the discretion of the New Mexico Supreme Court to reformulate the question posed herein.

In compliance with N.M. Rule 12–607(C)(1), the court provides the following information regarding the names and addresses of counsel of record: On behalf of Federated Service Insurance Company:

Robert E. Hanson and Lauren

Keefe Peifer, Hanson & Mullins, P.A.

P.O. Box 25245

Albuquerque, NM 87125–5245

On behalf of Danny Martinez:

Steven C. Ewing

Marron, McKinnon & Ewing

300 Central Avenue S.W.

Suite 1000 West

Albuquerque, NM 87102–0000

James T. Roach and Janet Santillanes

300 Central Ave., S.W.

Suite 1500–West

Albuquerque, NM 87102–0000

The Clerk of this court shall transmit a copy of this certification order to counsel for all parties. The Clerk shall also forward, under the Tenth Circuit's official seal, a copy of this certification order and the briefs filed in this court to the New Mexico Supreme Court.

This appeal is ordered ABATED pending resolution of the certified question.