**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FEDERATED SERVICE INSURANCE
COMPANY, a Minnesota Corporation,

　　　　Plaintiff - Appellee,

v.

DANNY MARTINEZ,

　　　　Defendant - Appellant.

No. 07-2293
(D. Ct. No. 1:06-CV-00638-JAP-WDS)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **EBEL**, and **HARTZ**, Circuit Judges.

　　　This appeal concerns the requirements for rejecting uninsured motorist ("UM")

coverage under New Mexico law.  Following a workplace accident in which he was

struck and injured by an uninsured motorist, defendant-appellant Danny Martinez made a

demand on Federated Insurance Company ("Federated") for UM benefits pursuant to a

policy between Federated and his employer, Capitol Motor.  Federated refused to pay and

sought a declaratory judgment that Mr. Martinez is not entitled to benefits under the UM

provision of Capitol Motor's insurance policy.  Mr. Martinez counterclaimed for a

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

declaratory judgment that he is entitled to such benefits, and he brought additional

counterclaims for damages based on personal injury, breach of contract, bad faith

violation of the New Mexico Insurance Code and Unfair Practices Act, and negligence.

Thereafter, both parties sought summary judgment as to every claim except Mr.

Martinez's negligence counterclaim. The district court granted Federated's motion and

denied Mr. Martinez's, concluding that Capitol Motor had effectively rejected UM

coverage for non-management employees like Mr. Martinez. Mr. Martinez appealed

from that decision,[1] and because the appeal turned on an important and unsettled question

of New Mexico law, we certified that question to the New Mexico Supreme Court.

Having received the New Mexico Supreme Court's answer, we take jurisdiction under 28

U.S.C. § 1291, REVERSE the district court's order holding that Capitol Motor rejected

UM coverage for non-management employees, and REMAND for further proceedings

consistent with this order and judgment.

## I.  BACKGROUND

Under New Mexico law, every automobile liability insurance policy issued

in the state must insure against damages from uninsured motorists unless such coverage is

rejected by the insured. *See* N.M. Stat. Ann. § 66-5-301(A), (C); *see also Romero v.*

*Dairyland Ins. Co.*, 803 P.2d 243, 245 (N.M. 1990). Under the authority delegated to it

by the New Mexico legislature, the superintendent of insurance promulgated N.M.

---

[1]The district court certified the order as a final judgment under Fed. R. Civ. P. 54(b).

Admin. Code § 13.12.3.9, which dictates the manner in which an insured must reject UM coverage for rejection to be effective. That regulation provides that "[t]he rejection of the provisions covering damage caused by an uninsured or unknown motor vehicle as required in writing . . . must be endorsed, attached, stamped or otherwise made a part of the policy of bodily injury and property damage insurance." N.M. Admin. Code § 13.12.3.9. When the rejection of UM coverage is ineffective for failing to comply with this regulation, UM coverage is read into the insured's liability policy. *Romero*, 803 P.2d at 246.

Capitol Motor first obtained a commercial insurance policy from Federated in 2001. Initially, it selected $500,000 of UM coverage per accident for management employees and $60,000 of UM coverage per accident for non-management employees. On November 30, 2001, however, Capitol Motor's general manager, Marc Brandt, directed a Federated employee, Denny Rommann, to execute a policy adjustment request that would eliminate UM coverage for Capitol Motor's non-management employees. No Capitol Motor officer or employee signed or otherwise executed the policy adjustment request. Furthermore, and seemingly contrary to Mr. Brandt's earlier decision to alter the scope of Capitol Motor's insurance policy, on March 29, 2002, Mr. Brandt signed an automobile coverage option form in which he selected $60,000 of UM coverage for non-management employees.

Federated issued a policy change endorsement on May 8, 2002 that purports to eliminate UM coverage for Capitol Motor's non-management employees. Additionally,

Federated returned $505 in premium payments based on this reduction in coverage. Federated subsequently attached the endorsement to each of Capitol Motor's yearly policy renewals, but no Capitol Motor officer or employee ever signed or otherwise executed the endorsement.

On May 11, 2005, Mr. Martinez was struck by an uninsured motorist while working as a non-management employee for Capitol Motor. Federated denied Mr. Martinez's demand for UM benefits, citing the policy change endorsement and contending that Capitol Motor had rejected UM coverage for all non-management employees. The district court agreed with Federated's position and concluded that the policy change endorsement satisfies the requirements for a valid rejection of UM coverage under New Mexico law.

On appeal, we certified the following question to the New Mexico Supreme Court: "[f]or a valid rejection of UM/UIM coverage under New Mexico law, must that rejection be written, signed by the insured, and attached to the policy?" *See Federated Serv. Ins. Co. v. Martinez*, No. 07-2293, 2008 WL 5062783, at \*1 (10th Cir. Dec. 1, 2008). The New Mexico Supreme Court accepted the certified question and consolidated this case with an appeal from the New Mexico Court of Appeals that involved a substantially similar legal issue. *See Marckstadt v. Lockheed Martin Corp.*, 228 P.3d 462 (N.M. 2009). Upon receiving the New Mexico Supreme Court's answer to our certified question, we ordered the parties to file supplemental briefing to address its decision.

## II.  DISCUSSION

When interpreting state statutes and regulations, we are bound by the interpretations and decisions of the state's highest court.  *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1181 (10th Cir. 2007).  In response to our certified question, the New Mexico Supreme Court held that UM coverage will be included in all New Mexico liability policies unless "the insured has exercised the right to reject [UM] coverage through some positive act."  *Marckstadt*, 228 P.3d at 468.  The court further explained that N.M. Admin. Code § 13.12.3.9 requires insurers to "obtain a written rejection of UM/UIM coverage from the insured in order to exclude it from an automobile liability insurance policy . . . ."  *Id.* at 464.

In its motion for summary judgment, Federated argues that both the policy change endorsement and the policy adjustment request satisfy the statutory and regulatory requirements for a valid rejection of UM coverage.  The district court granted Federated summary judgment based solely on the endorsement.  In *Marckstadt*, however, the New Mexico Supreme Court clearly rejected the district court's interpretation of New Mexico law that supported its summary judgment order.  The New Mexico Supreme Court explained that "we would not find that [UM] coverage had been rejected if the insured never acted to reject coverage, even if an endorsement were attached to the policy by the insurer."  *Id*. at 468.  In this appeal, however, Federated argues that it is nevertheless entitled to summary judgment because the policy adjustment request constitutes a valid rejection of UM coverage.  We disagree.

Federated posits that the policy adjustment request qualifies as a written rejection of UM coverage by Capitol Motor because the Federated employee who created and executed the request was authorized to do so by Capitol Motor's general manager. Put another way, Federated contends that its employee was acting as an agent of Capitol Motor and thus validly rejected UM coverage for Capitol Motor. That argument, however, is foreclosed by the unambiguous language of N.M. Stat. Ann. § 59A-18-24, which provides that "[a]ny licensed agent appointed as agent by an insurer shall, in any controversy between the insured or his beneficiary and the insurer, be held to be the agent of the insurer . . ."

Furthermore, Federated's reliance on *Vigil v. Rio Grand Ins. of Santa Fe*, 950 P.2d 297 (N.M. Ct. App. 1997) is misplaced. There, the New Mexico Court of Appeals held that a husband who authorized his wife to purchase insurance on his behalf was bound by his wife's rejection of UM coverage. *Id*. at 327. Whether a husband may be bound by his wife's rejection of UM coverage, however, is an entirely different question than whether a beneficiary of an insured may be bound by an agent of an insurer in a dispute between the beneficiary and the insurer. Indeed, *Vigil* does not even mention N.M. Stat. Ann. § 59A-18-24, nor does it purport to create an exception to that clearly worded statute. Accordingly, the policy adjustment request that was wholly created by a Federated employee, albeit at the direction of Capitol Motor's general manager, does not constitute a written rejection from the insured, which is required by New Mexico law.

Federated also argues that even if the policy adjustment request does not constitute

a valid rejection of UM coverage, Mr. Martinez is not entitled to summary judgment. Federated claims it "now believes that additional documents that were produced in discovery may constitute a written rejection from the insured." Specifically, Federated contends that Mr. Brandt signed yearly client review forms that expressly reject UM coverage for non-management employees. According to Federated, "[b]efore [this] Court would even consider entering summary judgment in favor of Mr. Martinez on this issue, Federated should have the opportunity to present additional briefing to the district court . . . ." Federated, however, cites no authority for the proposition that it should be given a second opportunity to support its summary judgment motion and to defend against Mr. Martinez's motion with evidence that it never presented to the district court and by asserting an argument it never made below.

In responding to a motion for summary judgment, the non-moving party is entitled to set out specific facts that demonstrate a triable issue of fact or that demonstrate that the moving party is not entitled to judgment as a matter of law. *See Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1475 (10th Cir. 1993). Indeed, the non-moving party is obligated to provide such specific facts if it hopes to avoid the entry of judgment against it. *See* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party['s] . . . response must . . . set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."). If the non-moving party fails to present certain evidence to the district court in opposing a motion for summary judgment, we

cannot consider that evidence in reviewing the district court's judgment. *Allen*, 8 F.3d at 1475; *see also Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1022 (10th Cir. 2002). Furthermore, "[a]bsent extraordinary circumstances, we will not consider arguments raised for the first time on appeal." *Turner v. Pub. Svc. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009).

In his motion for summary judgment, Mr. Martinez asserts that there is no written rejection of UM coverage from Capitol Motor. His motion is not confined to whether, as a matter of law, the policy adjustment request or the policy change endorsement constitutes an effective rejection. Federated, however, initially relied exclusively on these two documents in opposing Mr. Martinez's motion and it did not present the yearly client review forms to the district court. If Federated intended to avoid summary judgment by relying on the existence of the yearly client review forms, it should have presented those forms and made the argument it now attempts to make for the first time. Federated is not entitled to support or defend against a motion for summary judgment on one theory, and when that theory proves unsuccessful, to supplement the record and pursue a different theory on remand. Moreover, because neither the endorsement nor the policy adjustment request comply with the requirements for a rejection of UM coverage under New Mexico law, we conclude that Capitol Motor did not reject UM coverage for non-management employees.

### III.  CONCLUSION

For the foregoing reasons, we REVERSE the district court's order holding that

Capitol Motor rejected UM coverage for non-management employees.  Because this holding provided the basis for the court's entry of summary judgment in favor of Federated on its claim that Mr. Martinez is not entitled to benefits under the UM provision of Capitol Motor's insurance policy, as well as on three of Mr. Martinez's counterclaims, we REMAND for additional proceedings not inconsistent with this order and judgment.  We express no opinion on the merits of Mr. Martinez's counterclaim for negligence, which was not part of the summary judgment proceedings below.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge