**John DiFRANCESCO and DSS Partnership d/b/a DS & S Farms, Appellants,**

v.

**HOUSTON GENERAL INSURANCE COMPANY, Appellee.**

No. 06–93–00014–CV.

Court of Appeals of Texas, Texarkana.

July 13, 1993.

Rehearing Denied Aug. 3, 1993.

David W. Knight, Cotton, Knight & Baker, Wichita Falls, for appellants.

William Cornelius, Wilson, Sheehy, Knowles, Robertson, Cornelius, Tyler, for appellee.

Before BLEIL, GRANT and CHADICK, JJ., and T.C. CHADICK, Justice, Supreme Court of Texas, Retired, Sitting by Assignment.

## OPINION

CHADICK, Justice.

An insurer, Houston General Insurance Company, as plaintiff, filed a declaratory judgment action followed by motion for summary judgment naming an insured, John DiFrancesco and DSS Partnership d/b/a DS & S Farms, as defendants. The partnership answered by general and specific denial, a counterclaim for reformation grounded upon mutual mistake and for general relief.

The controversy is the result of the parties' conflicting constructions of a standard exclusion of a named driver endorsement to an automobile liability insurance policy. The policy, dated August 26, 1989, afforded liability coverage of various automobiles and motor vehicles owned by the partnership. The endorsement, excluding bracketed words, contained this language.

> You [referring to the insured] agree that none of the insurance coverages afforded by this policy shall apply while Thomas Avey is operating a covered auto or any other motor vehicle. You further agree that this endorsement will also serve as a rejection of uninsured/under insured motorists coverage and personal injury protection coverage while a covered auto or any other motor vehicle is operated by the excluded driver.

In July 1990, an automobile accident occurred in which a pickup truck owned by the partners and driven by their employee, Thomas V. Avey, was involved. The partners and Thomas V. Avey were sued for damages in a case pending in the District Court of Titus County, Texas, by plaintiffs Troy Beckham and wife Nikki Beckham. The Beckhams alleged they were forced off the road and injured by a 1980 Dodge pickup truck owned by the partnership and operated by the partnership's employee, Thomas V. Avey. The partners demanded the insurer defend and indemnify them in the Beckham suit. The insurer undertook to defend subject to a reservation of rights letter.

After hearings in the instant case, the insurer's motion for summary judgment was overruled and a jury trial ensued. Three jury questions were submitted and answers returned. The final judgment is based upon the jury answer to the second question and declared the insurer owed no defense or indemnity to the partnership in the Beckham v. Avey case, adjudged costs against the party incurring it, and declined to award attorney's fees.

The partnership has briefed four points of error. The insurer has responded by briefing four reply points and two cross-points. By Point of Error No. 1, the partnership asserts that the trial court erred in declaring the insurer owed no defense or indemnity to the partnership because the term *operating* used in the endorsement in question is ambiguous and should be construed in accordance with the intent of the parties to the contract.

The partnership recognizes that, as a general rule, when there is no evidence of fraud, accident, or mistake, the word *operating* should be accorded its ordinary, popular, and commonly accepted meaning. However, it insists the rule is qualified by the principle that the intention of parties respecting the meaning of words in the policy is deemed controlling. In support of their position, the following cases are cited. *Texas Const. Co. v. Dearing*, 296 S.W. 1112 (Tex.Civ.App.—El Paso 1927), *modified on other grounds*, 1 S.W.2d 265 (Tex. Comm'n App.1928, judgm't adopted); *Texas Pac. Coal & Oil Co. v. Harris*, 230 S.W.

237 (Tex.Civ.App.—Fort Worth 1921, writ dism'd); *San Jacinto Oil Co. v. Ft. Worth Light & Power Co.*, 41 Tex.Civ.App. 293, 93 S.W. 173 (1906, writ ref'd). The partnership's argument is that the evidence shows and the jury found that the parties did not intend for the excluded driver endorsements provision to apply to unauthorized use of a covered motor vehicle. The parties agree that Thomas V. Avey's use of the vehicle involved in the Beckham v. Avey litigation was unauthorized.

■ The partnership argues first that the text of the exclusion is ambiguous on its face because it employs the adjective *operating*, which has multiple meanings. Ambiguity means doubleness of meaning. Language in a contract is ambiguous when it is reasonably capable of being understood in more than one sense. BLACK'S LAW DICTIONARY 79 (6th ed. 1990). The RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 1357 (2nd ed. 1987), contains this definition:

> **Operating. 1.** used or engaged in performing operations: *an operating surgeon.* **2.** of, for, or pertaining to operations: *an operating budget.* **3.** of or pertaining to the proper operation of a machine, appliance, etc.: *a manual of operating instructions.* **4.** Railroads. of, pertaining, or belonging to railroad workers, as engineers or firemen, who are directly engaged in the mechanical operation of trains: *an operating union.*

The dictionary's definition of the word *operate* shows twelve different meanings for the word.

It is authoritatively held that meaning of the word *operate* used in an automobile liability policy has varying meanings according to the context in which the word is used. *State Farm Mutual Automobile Ins. Co. v. Coughran*, 303 U.S. 485, 58 S.Ct. 670, 82 L.Ed. 970 (1938); 12 COUCH ON INSURANCE 2D § 45:42 (1981). Couch's summary of the authorities is that "[w]here the coverage is stated in terms of "operation," reference is to be made to the physical act of driving...." In *Orth v. Universal Underwriters Ins. Co.*, 284 F.2d 857, 859–60 (9th Cir.1960), the court said:

In clause (3) the word "operated" is employed to describe a relationship between an individual and an automobile. When used in this context the word "operate" means "drive."

In *Radoff v. Utica Mutual Ins. Co.*, 510 S.W.2d 151 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.), the court considered an endorsement that excluded from coverage claims "arising from accidents which occur while any automobile is being operated by Michael Radoff unless accompanied by Arnold Radoff or his spouse," and held the language was not susceptible of more than one meaning and therefore not ambiguous.

No case has been cited or found in which the specific language of the endorsement in this case is construed, but the analogy between language in this case and that in the authorities noticed leaves little room for doubt as to proper construction. The endorsement's purpose is to suspend coverage when a specific person, considered or known to be an unsafe driver, is operating a covered vehicle. It also served the public welfare by tending to keep unsafe drivers off the public highways.

The language employed to state the purpose modifies and defines the word *operating* in the endorsement to mean the exercise of physical control over a motor vehicle's usual use, function, and movement; in short, the control of a motor vehicle's dynamics normally accomplished by a motor vehicle's driver. Such contextual definition renders the word *operating* and the endorsement unambiguous. As limited by the context, it has but one meaning. Coverage under the policy is suspended when Thomas Avey drives a covered vehicle, nothing in the language deals with or relates to or limits suspension to authorized use of a vehicle. The conclusions expressed are fortified by the fact that the contextual language conveys no rational message when the word *operating* is given other of its dictionary or common usage meanings.

■ Even though the endorsement is found to be unambiguous, in further argument the partnership points out in supports of its first point of error, facts showing

that in negotiations prior to issuance of the policy, the parties through their representatives verbally agreed the endorsement excluded authorized use only. They stoutly maintain the parties did not intend to exclude coverage if Thomas Avey operated a covered vehicle without the insured's consent. In support of the contention, the following authorities are cited. *Fox v. Thoreson*, 398 S.W.2d 88 (Tex.1966); *Williams v. Brotherhood of Locomotive Firemen and Enginemen*, 298 S.W. 535 (Tex.Comm'n App.1927, judgm't adopted); *Monsanto Co. v. Tyrrell*, 537 S.W.2d 135 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *Williams v. J. & C. Royalty Co.*, 254 S.W.2d 178 (Tex.Civ.App.—San Antonio 1952, writ ref'd); *City of Ranger v. Hagaman*, 4 S.W.2d 597 (Tex. Civ.App.—Eastland 1928, no writ).

■ At the time the parties negotiated the contract, TEX.INS.CODE ANN. art. 5.06(1) (Vernon 1981)[1] governed policy forms and endorsements. The article prohibits and declares void and of no effect any contract or agreement not written into the insurance application and policy. The partnership does not claim compliance with the statute. Public policy requires this Court to decline to recognize or enforce the asserted verbal agreement here advocated because it is contrary to statutory regulation. It is a familiar law of contracts that an illegal agreement is unenforceable. *See* 14 TEX.JUR.3D *Contracts* §§ 123, 177 (1981). Appellant's first point of error is overruled.

■ As an alternative to Point of Error No. 1, the partnership urges Points of Error No. 2 and No. 3 and groups them for argument. Point of Error No. 2 asserts the trial court's judgment is erroneous for the reason that the term *operating* is unambiguous and means only authorized use of a motor vehicle. Point of Error No. 3 assumes that the endorsement is unambiguous and the trial court's failure to reform the policy because of mutual mistake of the parties is reversible error.

Discussion and disposition of the first point broadly covers the question required to be resolved by the second point. Rediscussion of the question determined under the first point would be superfluous. Point of Error No. 2 is overruled. Point of Error No. 3, however, will be discussed.

■ The jury answer to Jury Question No. 1 found that the negotiator for each party "did not intend for the policy to exclude insurance coverage to defendant DS & S Farms if Thomas Avey operated a vehicle without the consent" of the insured. In answer to Jury Question No. 2, the jury found the negotiators did not "agree verbally that insurance coverage would be excluded only when Thomas Avey was operating a vehicle with the permission" of the insured. The jury findings are not challenged on any ground by either party. Under this record, a conflict, if any, becomes immaterial for reasons next discussed. To be decisive, a conflict must be between material and controlling issues. *Millers' Indemnity Underwriters v. Schrieber*, 240 S.W. 963, 968 (Tex.Civ.App.—Beaumont 1922, writ ref'd); *see* 4 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 25:12 (rev. 1992).

In discussion of Point of Error No. 1, TEX.INS.CODE ANN. art. 5.06(1) was referred to. In addition to that part of the article previously noticed, it provides that "any insurer may use any form of endorsement appropriate to its plan of operation, provided such endorsement shall be first submitted to and approved by the Board...." The record does not show the contract intended by the negotiators was acceptable to or approved by the Board of Insurance Commissioners. The agreement the partnership seeks to establish by reformation is not shown to be in compliance with statutory regulations and is void and of no effect because it violates the statute and is unenforceable. Point of Error No. 3 is overruled.

---

1. TEX.INS.CODE ANN. art. 5.06 (Vernon 1981), *amended by* Act of May 27, 1991, 72nd Leg., ch. 242, § 2.07, 1991 Tex.Gen.Laws 956.

The error urged under Point of Error No. 4 is concerned with the trial court's failure to award the partnership attorney's fees inasmuch as it was entitled to prevail in the suit. The point will be overruled, as action on the previous points determined that the partnership failed to show reversible error by the trial court.

By Cross–Point No. 1 the insurer complains that the trial court erred in denying appellee's motion for summary judgment, and by Cross–Point No. 2 complaint is made of the trial court's admission of evidence in the course of the trial. Each of the cross-points has been fully considered and each point is overruled as reversible error is not shown.

To summarize, appellee's cross-points are immaterial unless disposition of appellant's points is mistaken. Appellant's points of error are overruled. The judgment of the trial court is affirmed.

CORNELIUS, C.J., not participating.