Randy WRIGHT and Sun Cha
Wright, Appellants

v.

RODNEY D. YOUNG INSURANCE AGENCY and Old American County Mutual Fire Insurance Company, Appellees.

No. 2–94–188–CV.

Court of Appeals of Texas, Fort Worth.

June 8, 1995.

Publication Ordered Aug. 22, 1995.

Collier & Quisenberry and Graham Quisenberry, Fort Worth, for appellants.

Arlen D. Bynum, Dallas, for appellees.

Before CAYCE, C.J., and LIVINGSTON, and PATRICE M. BARRON, Former Justice (sitting by assignment).

## OPINION

CAYCE, Chief Justice.

This is an appeal from a summary judgment declaring that appellees, Rodney D. Young Insurance Agency ("Rodney D. Young") and Old American County Mutual Fire Insurance Company ("Old American"), have no duty to defend or provide liability coverage to appellants Randy Wright and Sun Cha Wright under the excluded driver exclusion provision of their automobile insurance policy. We affirm the summary judgment.

On October 16, 1990, Bobbie Chance was involved in an automobile collision with Jonathan Wright, the minor son of Randy and Sun Cha Wright. At the time of the accident, Jonathan was unlicensed and expressly named as an excluded driver under the Wright's liability policy. The policy was issued by Old American County Mutual Fire Insurance Company through Rodney D. Young Insurance Agency. The pertinent exclusionary language of the policy provided as follows:

> You agree that none of the insurance coverages afforded by this policy shall apply while [Jonathan A. Wright] is operating your covered auto or any other motor vehicle. You further agree that this endorsement will also serve as a rejection of Uninsured/Underinsured Motorists Coverage and Personal Injury Protection Coverage while your covered auto or any other motor vehicle is operated by the excluded driver.

It is undisputed that Jonathan was an excluded driver under this endorsement, and that he was operating the Wright's automobile at the time of the accident.

Following the accident, the Chances sued the Wrights seeking to recover damages for Jonathan's alleged negligence and gross negligence and for the Wrights' alleged negli-

gent entrustment. The Chances later amended their suit to join Rodney D. Young and Old American alleging, *inter alia*, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act for their refusal to tender the Wrights a defense and for failing to attempt to settle the Chances' claim in good faith. Rodney D. Young and Old American then filed a cross-action against the Chances and the Wrights seeking a declaratory judgment that Jonathan Wright was an excluded driver under the Wrights' policy and, therefore, no duty to defend existed. The cross-action for declaratory judgment was subsequently severed from the suit and assigned a separate cause number.

■ In their first point of error, the Wrights contend that summary judgment is improper because a material issue of fact exists as to whether the Wrights knew that they would not be insured against liability for any accident caused by Jonathan. They contend that the summary judgment evidence raises issues of a material fact concerning their intentions in agreeing to exclude Jonathan as a driver. They further assert that the excluded driver endorsement is ambiguous, because it does not specifically address the issue of whether the Wrights are afforded liability coverage for claims of negligent entrustment where Jonathan is operating the insured vehicle without the Wrights' permission. We find no merit to these contentions.

The language of the endorsement is plain and unambiguous. It clearly states that there is no coverage afforded to anyone when the excluded driver is operating a motor vehicle. There is no evidence in the record before us indicating that the Wrights intended to include Jonathan, who was both unlicensed and underage at the time the Wrights signed the excluded driver endorsement. In fact, the record conclusively shows that the Wrights signed the endorsement voluntarily as a precondition to the purchase of coverage for themselves. The fact that the Wrights may have wanted for some unknown reason to have Jonathan covered is immaterial. Point of error one is overruled.

■ In point of error two, the Wrights contend that the excluded driver endorsement is contrary to public policy and the Texas Motor Vehicle Safety–Responsibility Act, TEX.REV.CIV.STAT.ANN. art. 6701h (Vernon Supp.1995), because it does not protect named insureds from claims of negligent entrustment that arise from the unauthorized use of vehicles by excluded drivers. We disagree.

The Texas Motor Vehicle Safety–Responsibility Act (the Act) effectively mandates that all drivers obtain automobile liability insurance by requiring "[p]roof of ability to respond in damages for liability, on account of accidents ... arising out of the ownership, maintenance or use of a motor vehicle." *Id.* § 1(10); *National County Mut. Fire Ins. Co. v. Johnson*, 879 S.W.2d 1, 2 (Tex.1993); *Dairyland County Mut. Ins. Co. v. Childress*, 650 S.W.2d 770, 775 (Tex.1983). The Act plainly states that "no motor vehicle may be operated in this State unless a policy of automobile liability insurance in at least the minimum amounts to provide evidence of financial responsibility under this Act is in effect to insure against potential losses which may arise out of the operation of that vehicle." TEX.REV.CIV.STAT.ANN. art. 6701h, § 1A(a). This language makes it clear that the legislature's purpose in enacting the Act was to protect potential claimants from losses resulting from automobile accidents by requiring that all drivers obtain automobile liability insurance. However, nothing in the Act or its underlying public policy mandates financial protection for insured drivers from claims arising from the negligent entrustment of their automobiles to excluded drivers.

The express legislative mandate of the Act is that the innocent victims of an automobile accident receive financial protection under the negligent driver's insurance policy. *See National County Mut. Fire Ins. Co.*, 879 S.W.2d at 3. The Act was not designed to protect insured drivers from claims that arise from the negligent use of their vehicles by excluded drivers, and we know of no public policy dictating otherwise.

The endorsement at issue has been approved by the State Board of Insurance pursuant to the provisions of article 5.06 of the Texas Insurance Code. The purpose of this

type of endorsement is to exclude from automobile liability coverage someone that would otherwise have been included in it. *See Liberty Mut. Ins. Co. v. American Employers Ins. Co.,* 556 S.W.2d 242, 245 (Tex.1977); *see also International Serv. Ins. Co. v. Boll,* 392 S.W.2d 158, 160–61 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.) (upholding validity of similar excluded driver endorsement). The endorsement typically excludes any claim that arises from an accident involving the excluded driver including negligent entrustment. *Western Alliance Ins. Co. v. Albarez,* 380 S.W.2d 710, 716 (Tex.Civ.App.—Austin 1964, writ ref'd n.r.e.).

■ Excluded driver endorsements serve the public welfare when they are used to keep unsafe drivers off the public highways. *See DiFrancesco v. Houston General Ins. Co.,* 858 S.W.2d 595, 598 (Tex.App.—Texarkana 1993, no writ). In fact, it has been held that public policy dictates the allowance of such exclusions to enable insured motorists with children having bad driving records to secure insurance they can afford, rather than being relegated to securing coverage from an assigned risk pool at a much greater cost. *Greene v. Great Am. Ins. Co.,* 516 S.W.2d 739, 740–42 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.).

■ At the time the Wrights applied for the insurance, and at the time of the accident in question, Jonathan was unlicensed and underage. In their responses to interrogatories propounded by Old American and Rodney D. Young, the Wrights admitted that they agreed to exclude Jonathan in order to obtain the insurance. There is no allegation that any misrepresentation was made about the exclusion at the time the policy was sold, nor is there any evidence that the Wrights' decision to purchase the policy was coerced or made under duress. Based on these considerations, we hold that the endorsement in this case does not violate public policy. Point of error two is overruled.

The summary judgment of the trial court is affirmed.