Janie ZAMORA, Pete Zamora, Jesus Toc,
and Gracie Vela, Appellants,

v.

DAIRYLAND COUNTY MUTUAL
INSURANCE COMPANY,
Appellee.

No. 13–95–318–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 15, 1996.

Rehearing Overruled Oct. 3, 1996.

Terry Shamsie, Melody H. Cooper, Corpus Christi, for appellants.

Steve Schiwetz, Clay E. Coalson, Carlos A. Mattioli, Meredith, Donnell & Abernethy, Corpus Christi, for appellee.

Michael G. Mullen, Jessie Alliene Amos, Brown, McCarroll & Oaks Hartline, Austin, for relator.

Sheila Ellwood Skaggs, Asst. Attorney General, Tort Litigation Division, Austin, for Real Parties in Interest.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YANEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

The primary issue in this case involves the validity of a named driver exclusion in an automobile insurance policy. The appellants, Janie Zamora, Pete Zamora, Jesus Toc, and Gracie Vela, are appealing from a summary

judgment declaring that the appellee, Dairyland County Mutual Insurance Company of Texas (hereinafter Dairyland), had no duty to defend or provide coverage to the insured based on the named driver exclusion in the insured's insurance policy. We affirm the summary judgment.

On December 2, 1993, Gracie Vela (wife of Jesus Toc) was operating Jesus Toc's automobile when she was involved in an accident with Pete and Janie Zamora. At the time of the accident, Gracie Vela was named as an excluded driver in Mr. Toc's automobile insurance policy with Dairyland.[1] The Zamoras filed suit based on negligence, gross negligence, and negligent entrustment. Dairyland denied coverage on the basis of the named driver exclusion in the policy.

Thereafter, the Zamoras entered into an agreed judgment against Jesus Toc and Gracie Vela, and both parties filed suit against Dairyland on the basis that Dairyland wrongfully failed to provide coverage. Dairyland filed motion for a summary judgment asserting it had no duty to provide coverage because Gracie Vela was an excluded driver. The trial court granted the summary judgment in favor of Dairyland and this appeal ensued.

On appeal, appellants raise two points of error. In the first point, appellants contend that summary judgment was improper because the named driver exclusion is contrary to public policy. Second, they contend that even if the named driver exclusion is valid, the appellee still has a duty to provide a defense to the insured. We disagree on both points and affirm the summary judgment.

### VALIDITY OF THE NAMED DRIVER EXCLUSION

■ In their first point of error, appellants argue that the named driver exclusion should be void as against the public policy of the State of Texas, as was held by the Texas Supreme Court in *National County Mutual*

*Fire Ins. Co. v. Johnson*, 879 S.W.2d 1 (Tex. 1993) concerning the family member exclusion.

In *Johnson*, the Supreme Court addressed the issue of whether the family member exclusion was consistent with the public policy underlying the Texas Motor Vehicle Safety–Responsibility Act (hereinafter the Act). The Act effectively mandates that all drivers obtain automobile liability insurance by requiring "[p]roof of ability to respond in damages for liability on account of accidents ... arising out of the ownership, maintenance or use of a motor vehicle." Texas Motor Vehicle Safety–Responsibility Act, TEX.REV.CIV. STAT. ANN. art. 6701h § 1(10) (Vernon Supp.1993); *Johnson*, 879 S.W.2d at 2. The court recognized that the public policy behind the Act is to "protect all potential claimants from damages resulting from automobile accidents." *Johnson*, 879 S.W.2d at 2. The court found that in effect, the family member exclusion contravened this public policy because it "created an inequity by stripping family members of coverage under an automobile policy but allowing coverage for everyone else." *Id.* at 3 n. 5. "When the legislature specifies a particular extent of insurance coverage any attempt to void or narrow such coverage is improper and ineffective." *Id.* at 3; *Unigard Security Ins. Co. v. Schaefer*, 572 S.W.2d 303, 307 (Tex.1978). In light of this inequitable limitation of coverage to potential claimants, the Texas Supreme Court invalidated the family member exclusion.

The proposition we must consider is whether the reasoning used to invalidate the family member exclusion in *Johnson* should be applied to invalidate the named driver exclusion. We hold that it should not.

The named driver exclusion is not analogous to the family member exclusion; therefore, it cannot be invalidated by the same reasoning. The named driver exclusion does not create the same inequitable effects on a potential class of claimants as did the family

---

1. The policy contains a "Form 515A" exclusion, a Texas Standard Automobile Endorsement, which provides in pertinent part, "You agree that none of the insurance coverage afforded by this policy shall apply while Gracie Toc ... [The Excluded Driver] is operating your covered auto or any other motor vehicle. You further agree that this endorsement will also serve as a rejection of Uninsured/Underinsured Motorists Coverage and Personal Injury Protection Coverage while your covered auto or any other motor vehicle is operated by the excluded driver."

member exclusion. Rather, it treats all potential claimants equally and focuses on the potential risk. Policy holders are given the option to exclude from coverage drivers who, by virtue of their driving history or other factors, are deemed high risk drivers. By focusing on the risk involved, the named driver exclusion does not contradict the public policy underlying the Act, but instead furthers Texas public policy on two levels.

First, the named driver exclusion furthers public policy by enabling drivers with family members having poor driving records to secure insurance they can afford, rather than being relegated to securing coverage from an assigned risk pool at a much greater cost, *Wright v. Rodney D. Young Ins. Agency*, 905 S.W.2d 293, 296 (Tex.App.—Fort Worth 1995, no writ); *Greene v. Great American Ins. Co.*, 516 S.W.2d 739, 740 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.), or not obtaining insurance at all. Second, it deters insured drivers from entrusting their automobiles to unsafe excluded drivers, thus, keeping those unfit drivers off public roadways. *Wright*, 905 S.W.2d at 296; *DiFrancesco v. Houston General Ins. Co.*, 858 S.W.2d 595, 597 (Tex.App.—Texarkana 1993, no writ).

Other courts in Texas have considered this issue and have concluded that the named driver exclusion is not against Texas public policy. *Wright*, 905 S.W.2d at 296; *Western Alliance Ins. Co. v. Albarez*, 380 S.W.2d 710 (Tex.Civ.App.—Austin 1964, writ ref'd n.r.e.) [2].

In *Wright*, the issue before the Fort Worth Court of Appeals was whether the named driver exclusion was contrary to public policy and the Texas Motor Vehicle Safety–Responsibility Act because it did not protect named insured from claims of negligent entrustment from the use of vehicles by excluded drivers.

In holding that the exclusion was valid, the court stated, "... nothing in the Act or its underlying public policy mandates financial protection for insured drivers from claims arising from the negligent entrustment of their automobiles to excluded drivers." *Wright*, 905 S.W.2d at 295.

Although other states have reached mixed results on this issue, the determinative factor that courts examine to resolve this issue is whether the exclusion is against *that* state's public policy or legislative mandates. *State Farm v. Washington*, 641 A.2d 449 (Del.1994) (recognizing opposing views from other states but finding the exclusion contrary to public policy of Delaware as it applies to underinsured coverage); *Beacon Ins. Co. v. State Farm Mut. Ins. Co.*, 795 S.W.2d 62 (Ky.1990) (holding the named driver exclusion may be invalid under current statutory scheme, but is valid under new amendments to the statute which permit the parties to make specific exclusions); *Garza v. Glen Falls Ins. Co.*, 105 N.M. 220, 731 P.2d 363 (1986) (holding that the named driver exclusion was valid under statute). We hold that the named driver exclusion does not contravene Texas public policy, nor does it offend the legislative mandate of liability insurance in the Act.[3] The provision as used in this case is valid. We overrule point number one.

## NEGLIGENT ENTRUSTMENT AND NAMED DRIVER EXCLUSION

■ In appellants' second point, they contend that even if the named driver exclusion is valid, under the terms of the policy Dairyland is required to provide a defense to the insured. The appellants argue that, despite the exclusion, the policy extends coverage to all claims for which the insured has legal responsibility. This includes responsibility under the theory of negligent entrustment. With regards to the defense provided by the

2. The Texas Supreme Court has recognized that Texas courts have upheld the validity of the named driver exclusion. *Unigard Sec. Ins. Co. v. Schaefer*, 572 S.W.2d 303, 307 (Tex.1978) (citing *Albarez* and *Travelers Indemnity Co. v. Columbus State Bank*, 442 S.W.2d 479 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ)).

3. We are not presented with the issue of the validity of named driver exclusion when unin-

sured or underinsured benefits are in question but note that other states have invalidated the exclusion in this particular area. *State Farm Mutual Auto. Ins. Co. v. Washington*, 641 A.2d 449 (Del.1994); *Atlanta Cas. Co. v. Payne*, 603 So.2d 343 (Miss.1992); *Employers Mut. Cas. Co. v. McKeon*, 159 Ariz. 111, 765 P.2d 513 (Ariz. 1988)(en banc).

terms of the policy, Jesus Toc's insurance policy states in pertinent part:

**Dairyland County Mutual Insurance Company of Texas**

(A county mutual insurance company, herein called the company)

. . . . . . .

## PART A–LIABILITY COVERAGE

INSURING AGREEMENT We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. Property damage includes loss of use of the damaged property. Damages include prejudgment interest award against the covered person. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

■ An insurer is required only to defend those cases within the policy coverage. *Fidelity & Guar. Ins. Underwriters Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex.1982). Under the "eight corners" rule, the trier of fact must examine only allegations in the complaint and the insurance policy in determining whether the duty to defend exists. *American Alliance Ins. v. Frito–Lay*, 788 S.W.2d 152, 153 (Tex.App.—Dallas 1990, writ dism'd).

■ To determine if a claim of negligent entrustment is a covered claim, and thus creates a duty to defend, we must first examine what elements must be proven. To recover under negligent entrustment a plaintiff must establish: 1) entrustment by the owner or custodian; 2) to a driver the owner knew or should have known was a reckless or incompetent driver; and 3) negligent operation of the vehicle proximately caused damage to a third party. *Mundy v. Pirie–Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587, 588, 591 (1947). Therefore, essential to recovery is negligent *operation* or

use by the entrustee. *McManus*, 633 S.W.2d at 790.

■ The named driver exclusion which is a part of insured's policy reads, "You agree that none of the insurance coverage afforded by this policy shall apply while Gracie Toc . . . [The Excluded Driver] is *operating* your covered auto or any other motor vehicle." (emphasis added). The exclusion's purpose is to suspend coverage when a specific person, considered or known to be an unsafe driver, is operating a covered vehicle. *DiFrancesco v. Houston General Ins. Co.*, 858 S.W.2d 595, 599 (Tex.App.—Texarkana 1993, no writ). At the time of the accident, Gracie Vela was in fact operating the vehicle covered by the insurance policy. From the language in the exclusion this is clearly an activity that both parties agreed would suspend the coverage afforded by the policy. Therefore, Dairyland is under no duty to defend Jesus Toc for liability incurred for acts specifically excluded from coverage. *Western Alliance Ins. Co. v. Albarez*, 380 S.W.2d 710 (Tex.Civ.App.—Austin 1964, writ ref'd n.r.e.)(negligent entrustment is not an insured claim when driver was excluded from coverage under the policy); *Fidelity & Guar. Ins. Underwriters v. McManus*, 633 S.W.2d 787 (negligent entrustment was not an insured claim when use of a recreational vehicle was excluded from homeowners policy). We overrule point number two.

The decision of the trial court is affirmed.

YANEZ, J., concurs.

YANEZ, Justice, concurring.

While I agree with the result in this case, I do not join the majority in its categorical affirmation of the validity of named-driver exclusions.

Under the facts of this case, I would not hold the exclusion on Graci Vela from coverage under the policy contravened the public policy of this state. Indeed, Ms. Vela was a known risk to drive because she suffered from epileptic seizures, had been advised not to drive, and did not even have a driver's license. I agree with the majority that her specific exclusion under the policy likely served the dual purpose of enabling Mr. Toc

to secure insurance at an affordable rate, and discouraging his entrustment of the vehicle to Ms. Vela, thereby protecting the public from a high risk driver.

The majority asserts that the named driver exclusion "treats all potential claimants equally and focuses on the potential risk. Potential drivers are given the option to exclude from coverage drivers who, by virtue of their driving history or other factors, are deemed high risk factors."

I would simply point out that, although the facts of this case present an excluded driver whose circumstances (epilepsy, no driver's license, etc.) do warrant exclusion, not every conceivable exclusion furthers public policy. For example, the exclusion of a driver from a policy because of that driver's age alone would not be valid. Such exclusion would contravene public policy in that it would discriminate against a class of drivers without necessarily referring to their own circumstances and driving history. Moreover, third parties injured in accidents where such excluded person was driving an insured's vehicle would not be protected under the policy because of the exclusion.

In such instances, I would not find the exclusion proper, as it discriminates against a class of persons without consideration of that person's record. Thus, I would not go as far as the majority in declaring all named driver exclusions valid, but rather would regard the exclusion on a case-by-case basis to decipher whether the exclusion was based on the particular record and circumstances of the excluded driver, or merely because of their membership in a class which is presumptively deemed high risk, such as underage drivers. To the extent that such exclusions categorically exclude members of a class from coverage without particular reasons, I would not find such exclusion valid.