NUMBER 13-99-481-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


__________________________________________________________________


SOUTHSTAR CORPORATION, BEI ENERGY 

CORPORATION, CARL BEACH, JIM GRESHAM, 

TOMMY DUBOIS, AND LARRY BILLINGSLE
Y, 
Appellants,


v.



ST. PAUL SURPLUS LINES INSURANCE 

COMPANY D/B/A ST. PAUL INSURANCE
, 
Appellee.

__________________________________________________________________


On appeal from the 28th District Court


of Nueces County, Texas.


__________________________________________________________________


O P I N I O N



Before Justices Dorsey, Rodriguez, and Seerden(1)
 


Opinion by Justice Rodriguez



 Southstar Corporation (Southstar), BEI Energy Corporation (BEI),
Carl Beach, Jim Gresham, Tommy Dubois, and Larry Billingsley,(2)
appellants, appeal from a take-nothing summary judgment granted in
favor of St. Paul Surplus Lines Insurance Company (St. Paul). We affirm
in part and reverse and remand in part. 

 New West Resources, Inc. (Resources) and BEI formed New West
Fuels, L.C. (Fuels) for the purpose of acquiring and developing oil and
gas properties. Fuels obtained a commercial general liability insurance
policy from St. Paul. Within two years of forming Fuels, the parties
agreed to dissolve the business relationship. Thereafter, Beach,
Gresham, Dubois, and Billingsley formed Southstar, again for the
purpose of acquiring and developing oil and gas properties. The name
of the insured on the St. Paul insurance policy was changed from Fuels
to Southstar.

 Resources sued BEI, Southstar, Beach, Gresham, Dubois, and
Billingsley for conspiracy, fraud, breach of fiduciary duty, and breach of
contract, and to obtain injunctive relief. According to Resources'
petition, Resources, BEI, and BEI's shareholders executed written
dissolution agreements as well as a confidentiality and non-disclosure
agreement finalizing the dissolution of the business relationship. The
dissolution agreements provided, inter alia, that Resources "was
assigned all rights to the corporate name and logo of Fuels." The
petition alleges that after Southstar was formed, appellants "issued a
press release stating that Fuels had been reorganized as Southstar
Corporation, a company owned and operated by [appellants]." It further
alleges, "appellants misused the Fuels name and misrepresented the
history of the company in interviews and various trade publications. 
Such action violated the agreement . . ., and the Confidentiality and
Non-Disclosure Agreement and Release. . . ." 

 Appellants demanded that St. Paul defend them in the suit filed by
Resources pursuant to the insurance policy. St. Paul, however, refused
to defend appellants, maintaining the lawsuit was not covered under
the policy. As a result, appellants sued St. Paul, alleging breach of the
insurance agreement, breach of the duty of good faith and fair dealing,
misrepresentations of the policy's coverage, violations of the Deceptive
Trade Practices Act (DTPA), and negligence. Both parties moved for
summary judgment. St. Paul moved for summary judgment as against
all of appellants' claims for relief. Specifically, St. Paul urged that it
owed no duty to defend appellants under the policy and that appellants'
extracontractual claims were barred because Texas law does not
recognize any extracontractual claims in the insurance liability context,
and because breach of contract allegations do not create liability under
the DTPA or for negligence. The trial court granted St. Paul's motion for
summary judgment and entered an order that appellants take nothing. 


 By their first issue, appellants complain the trial court erred in
granting summary judgment because St. Paul had a duty to defend
appellants under the policy. To be entitled to summary judgment, the
movant has the burden of showing that no genuine issue of material
fact exists and that it is entitled to the summary judgment as a matter
of law. Tex. R. Civ. P. 166a; Nixon v. Mr. Property Management, 690
S.W.2d 546, 548 (Tex.1985). The reviewing court must accept all
evidence favorable to the non-movant as true and indulge all reasonable
inferences in favor of the non-movant. Id.; Siegert v. Seneca Resources
Corp., 28 S.W.3d 680, 682 (Tex. App.--Corpus Christi 2000, no pet.). 
If the trial court fails to specify the grounds upon which it granted
summary judgment, we will affirm the summary judgment if any theory
expressly presented in the movant's motion for summary judgment is
meritorious. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380
(Tex. 1993).

 An insurer is only required to defend a case against its insured if
a petition alleges facts within the scope of the policy coverage. National
Union Fire v. Merchants Fast Motor Lines, 939 S.W.2d 139, 141 (Tex.
1997); Fidelity & Guar. Ins. Underwriters Inc. v. McManus, 633 S.W.2d
787, 788 (Tex. 1982); Zamora v. Dairyland County Mut. Ins. Co., 930
S.W.2d 739, 742 (Tex. App.--Corpus Christi 1996, writ denied). Under
the "eight corners" rule, the trier of fact must determine whether there
is a duty to defend by the allegations in the pleadings and the language
of the insurance policy. National Union, 939 S.W.2d at 141; Zamora,
930 S.W.2d at 742. The duty to defend is determined from the face of
the pleading, without regard to the ultimate truth or falsity of the
allegations. Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.,
387 S.W.2d 22, 24 (Tex. 1965). 

 We liberally construe the petition in determining the duty to
defend, resolving any doubt in favor of the insured. Trinity Universal
Ins. Co. v. Cowan, 945 S.W.2d 819, 825 (Tex. 1997). "Where the
complaint does not state facts sufficient to clearly bring the case within
or without the coverage, the general rule is that the insurer is obligated
to defend if there is, potentially, a case under the complaint within the
coverage of the policy." National Union, 939 S.W.2d at 141 (citing
Heyden, 387 S.W.2d at 26). The question of an insurer's duty to defend
is a matter of law, which we review de novo. King v. Dallas Fire Ins.
Co., 27 S.W.3d 117, 121 (Tex. App.­Houston [1st Dist.] 2000, Rule
53.7(f) motion filed Nov. 7, 2000); State Farm Gen. Ins. Co. v. White,
955 S.W.2d 474, 475 (Tex. App.­Austin 1997, no writ). 

 The insurance policy in the instant case provides, in relevant part:

 Advertising injury liability. We'll pay amounts
any protected person is legally required to pay as
damages for covered advertising injury that:


 results from the advertising of your products,
work or completed work; and


 is caused by an advertising injury offense
committed while this agreement is in effect.

 

* * * *


 Advertising injury means injury, other that bodily
injury or personal injury, caused by an advertising
injury offense.


 Advertising injury offense means any of the
following offenses:


 Libel or slander


 Making known to any person or organization
written or spoken material that belittles the
products, work or completed work of others.


 Making known to any person or organization
written or spoken material that violates an
individual's right of privacy.


 Unauthorized taking or use of any advertising
idea, material, slogan, style or title of others.


 Advertising means attracting the attention of
others by any means for the purpose of seeking
customers or increasing sales or business.


* * * *


 Breach of contract. We won't cover advertising
injury that results from the failure of any
protected person to do what is required by a
contract or agreement.


 But we won't apply this exclusion to the
unauthorized taking or use of advertising ideas if
the contract or agreement doesn't specifically
prohibit such taking or use.


 Appellants contend that the lawsuit filed against them by
Resources is covered under the advertising injury provision of the
policy. Specifically, appellants contend Resources alleged an
advertising injury by pleading that appellants used and misused Fuel's
name in contravention of the dissolution agreements. As appellants
note, the policy provides that an advertising injury includes the
unauthorized taking or use of any title of others. 

 St. Paul contends that even if the petition alleged an advertising
injury, any advertising injury arising from a breach of contract,
according to the policy, is expressly excluded from coverage. Because
the alleged advertising injury (i.e., the unauthorized taking or use of
title) arose from breach of the dissolution agreement, which assigned
all rights to the corporate name and logo to Resources, St. Paul
contends any such injury is excluded from coverage. We agree. 

 The dissolution agreements granted Resources all rights to the
corporate name and logo of Fuels. Nonetheless, according to
Resources's petition, appellants engaged in the unauthorized use and
misuse of the name of Fuels. Thus, the alleged advertising injury, if
any, resulted from the alleged breach of the dissolution agreement by
appellants. Consequently, St. Paul did not have a duty to defend
appellants against Resources under the advertising injury provision of
the policy. 

 Appellants contend that the exclusion for advertising which results
from breach of an agreement is inapplicable because the dissolution
agreements did not expressly prohibit the taking or use of Fuel's name. 
The relevant provision in the policy is as follows, "[b]ut we won't apply
this exclusion to the unauthorized taking or use of advertising ideas if
the contract or agreement doesn't specifically prohibit such taking or
use." Significantly, this statement is limited to the taking of advertising
ideas. Under the terms of the policy, the unauthorized taking or use of
any advertising idea is an advertising injury offense in addition to, and
distinct from, the unauthorized taking or use of any advertising material,
slogan, style or title of others. When we construe exclusions in an
insurance policy, we must "attempt to give effect to all contract
provisions so that none will be rendered meaningless." 
Kelley-Coppedge, Inc. v. Highlands Ins. Co., 980 S.W.2d 462, 464
(Tex.1998). Here, the policy distinguishes between advertising ideas,
materials, slogans, styles, or titles of others. The exception to the
exclusion, however, is limited to advertising ideas. Consequently, we
construe the exception to the exclusion to apply only to advertising
ideas and not the unauthorized taking or use of title.

 The unambiguous language of the policy excludes coverage of
advertising injuries that arise from breach of an agreement. The
putative advertising injury in this case arose from breach of the
dissolution agreement. Consequently, the alleged advertising injury
was excluded from coverage and St. Paul was under no duty to defend
appellants. Appellants' first issue is overruled.

 In their second issue, appellants contend summary judgment was
improper because St. Paul failed to conclusively negate appellants'
extracontractual claims. Appellants pleaded that St. Paul
misrepresented the insurance policy, that it was negligent and grossly
negligent in failing to defend appellants, that it breached its duty of
good faith and fair dealing, and that it committed violations of the DTPA
by failing to defend appellants. Appellants expressly state in their brief
that they are not complaining about the trial court's granting of
summary judgment on their claim of breach of the duty of good faith
and fair dealing. Thus, we are left to review the trial court's granting of
summary judgment as to appellants' claims for negligence, violations
of the DTPA, and misrepresentation. 

 Appellants' petition ties their negligence claim to St. Paul's failure
to defend them in the lawsuit filed by Resources. St. Paul contends
that a tort cause of action may not be brought based on an insured's
breach of the duty to defend.

 The Texas Supreme Court has not addressed this precise issue. 
However, in Maryland Ins. Co. v. Head Indus. Coatings & Servs., Inc.,
938 S.W.2d 27, 28 (Tex. 1996), the court held that no cause of action
exists in Texas for breach of the duty of good faith and fair dealing
when an insurer fails to settle third-party claims against its insured. 
Although it did not expressly address the issue of an insurer's duty to
defend, the court stated, "Texas law recognizes only one tort duty in
this context, that being the duty stated in Stowers Furniture Co. v.
American Indem. Co., 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding
approved)." Id. (citing Texas Farmers Insurance Company v. Soriano,
881 S.W.2d 312, 318 (Tex. 1994). The court further explained, "an
insured is fully protected against his insurer's refusal to defend or
mishandling of a third-party claim by his contractual and Stowers
rights." Id. at 28-29. 

 In State Farm Mut. Auto Ins. Co. v. Traver, 980 S.W.2d 625, 626
(Tex. 1998), the supreme court reviewed a case in which an estate
executor sued the insurer of a decedent for legal malpractice committed
by an attorney provided by the insurer. The executor brought causes
of action against the insurer for negligence, breach of the duty of its
duty to defend, breach of the Stowers duty, breach of the duty of good
faith and fair dealing, and violations of the DTPA and Insurance Code. 
The supreme court held that the insurer was not vicariously liable for
the conduct of its attorney. Id. at 628. With respect to the claims of
direct liability against the insurer, the court rejected the contention that
Head limited damages to policy limits and defense costs. Id. at 629. 

 The court reiterated that in Head it held that "rights granted under
Stowers together with rights under the contract of insurance fully
protected the insured against an insurance company's erroneous refusal
to defend a third-party liability claim." Id. (citing Head, 938 S.W.2d at
29). The court distinguished Head from the case before it by noting
that the plaintiff's allegations were "not that the insurer merely refused
a defense, but that the insurer consciously undermined the insured's
defense." Id. at 629 (emphasis added). Accordingly, claims against the
insurer for its own misconduct were not limited by Head to the
insurance policy limits and defense costs. Id. From Head and Traver,
we conclude that an insured who alleges only that the insurer
wrongfully refused a defense is limited to bringing Stowers claims and
claims under the insurance contract. Cf. Ellen S. Pryor, Mapping the
Changing Boundaries of the Duty to Defend in Texas, 31 Tex. Tech L.
Rev. 869, 901 (2000) (opining that "Head represents a clear rejection of
any tort cause of action for the refusal to defend").

 Appellants direct this Court to St. Paul Surplus Lines Ins. Co. v.
Dal-Worth Tank Co., Inc., 974 S.W.2d 51, 54-55 (Tex. 1998). 
According to appellants, the supreme court in Dal-Worth upheld tort
claims against an insurer who wrongfully refused to defend. As
appellants note, the court in Dal-Worth stated that there was "evidence
that St. Paul acted negligently and in violation of the DTPA and the
Insurance Code." Id. at 54. 

 Appellants's characterization of the facts in Dal-Worth is
inaccurate, and their reliance on that case to support their argument
that an insured may bring a tort cause of action based solely on an
insurer's breach of the duty to defend is misplaced. In Dal-Worth, the
insurer did not refuse to defend its insured. In fact, the insurer denied
coverage for a default judgment after learning of the judgment seventy-eight days after it had been signed. Id. at 52. Nonetheless, the insurer
offered to pay for an appeal by writ of error. Id. 

 The insured and the third-party sued the insurer and the trial court
rendered judgment finding the insurer liable for negligence, gross
negligence, and violations under the DTPA and Insurance Code. On
appeal, the supreme court analyzed whether there was evidence
showing the insurer acted knowingly to support the award of statutory
damages under the DTPA and Insurance Code. The court concluded
that although there was some evidence the insurer acted negligently
and in violation of the DTPA and Insurance Code, there was no evidence
that it was actually aware that its actions were false, deceptive, or
unfair. Id. at 54. That the insurer did not do all it should have done to
determine whether the insured had been sued was some evidence of
negligence, but not that the insurer knew it was harming the insured. 
Accordingly, the court reversed the award of statutory damages under
the DTPA and Insurance Code. Id. As there was no issue regarding the
duty to defend, Dal-Worth is inapposite to the case at hand.

 Our sister court in San Antonio addressed the issue of "whether
a tort cause of action exists for an insurer's wrongful refusal or failure
to defend its insured." United Serv. Auto. Ass'n v. Pennington, 810
S.W.2d 777, 783-84 (Tex. App.­San Antonio 1991, no writ). There, the
court explained that "[i]n order for a tort duty to arise out of a
contractual duty, i.e., a negligent failure to perform a contract, the
liability must arise 'independent of the fact that a contract exists
between the parties': the defendant must breach a duty imposed by law
rather than by the contract." Id. at 783 (quoting Southwestern Bell Tel.
Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991) (barring a
negligence claim based upon damages arising from breach of contract
claim); see Dewitt County Elec. Coop., Inc. v. Parks, 1 S.W.3d 96, 105
(Tex. 1999) (refusing to allow a negligence claim that could not be
made independent of contract claim). Moreover, "[w]hen the only loss
or damage is to the subject matter of the contract, the plaintiff's action
is ordinarily in contract." Id. (citation omitted). Because liability did not
arise independent of the contract, i.e., the insurance policy, the court
held there was no duty beyond the contract itself to defend the insured. 
Id.; see also Hadley Edgar, Jr. & James B. Sales, 4 Texas Torts &
Remedies § 71.07[1] (2000) ("[t]he duty to defend is contractual"),
71.07[4] ("suit for failure to defend is an action on a written contract,
governed by the four-year statute of limitation"). As the court noted,
without the insurance policy, the insurer had no duty to defend the
insured. Id.; see also 46 Tex. Jur. 3d Insurance Contracts and Coverage
§ 1016, p. 547 (1995) ("[t]he obligation of an insurer to defend the
insured is based on contractual liability assumed under the terms of an
insurance policy. Absent a contractual obligation to defend, no such
duty exists. . . ."). 

 Here, as in Pennington, liability for negligence did not arise
independent of the insurance agreement. Rather, liability is based on
St. Paul's failure to defend appellants, or St. Paul's non-performance of
the insurance agreement. Because the act giving rise to liability for
negligence is breach of the insurer's duty to defend under the insurance
agreement, appellants' claims for negligence and gross negligence are
barred as a matter of law. 

 Likewise, appellants linked their claims under the DTPA to breach
of the duty to defend under the insurance agreement. The Texas
Supreme Court has refused to permit an action under the DTPA based
on breach of contract. Ashford Development, Inc. v. USLife Real Estate
Servs., 661 S.W.2d 933, 935 (Tex. 1983) ("[a]n allegation of a mere
breach of contract, without more, does not constitute a 'false,
misleading or deceptive act' in violation of the DTPA"); Crawford v. Ace
Sign, Inc., 917 S.W.2d 12, 13-14 (Tex. 1996). Thus, St. Paul negated
appellants' claim for DTPA as a matter of law. We overrule issue
appellants' second issue as it pertains to appellants' claims for
negligence, gross negligence, and claims brought under the DTPA. 

 Appellants' misrepresentation claim, the remaining
extracontractual claim, was not based on the breach of the duty to
defend. Instead, this claim alleges St. Paul misrepresented the terms
of the policy. The tortious act giving rise to liability allegedly occurred
prior to St. Paul's decision not to defend appellants; that is, St. Paul
allegedly misrepresented the policy prior to its decision not to defend
appellants. Thus, this claim did not concern non-performance of the
insurance agreement and may be brought independent of the claim for
breach of the duty to defend under the insurance agreement. St. Paul,
the summary judgment movant, failed to negate this cause of action as
a matter of law. We sustain appellants' second issue as it pertains to
appellants' claim for misrepresentation. 

 In review, St. Paul established it was entitled to summary
judgment as a matter of law with respect to appellants' claims for
breach of the insurance agreement, negligence, gross negligence,
breach of the duty of good faith and fair dealing, and claims brought
under the DTPA. However, St. Paul failed to carry their burden with
respect to appellants' claim for misrepresentation. 

 Accordingly, the trial court's granting of summary judgment
disposing of appellants' claim for misrepresentation is REVERSED and
REMANDED. In all other respects, the summary judgment is
AFFIRMED. 

 

 NELDA V. RODRIGUEZ

 Justice

Publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 15th day of February, 2001.

 

1. Retired Justice Robert J. Seerden assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code
Ann. § 74.003 (Vernon 1998).

2. Beach, Gresham, Dubois, and Billingsley were shareholders in
BEI.