

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00167-CV

_____

EUGENE HARBIN, APPELLANT

V.

CHRISTOPHER FISHER, APPELLEE

On Appeal from the County Court at Law
Walker County, Texas
Trial Court No. 12520V; Honorable Tracy Sorensen, Presiding

June 12, 2019

MEMORANDUM OPINION

Before CAMPBELL, and PIRTLE and PARKER, JJ.

Appellant, Eugene Harbin, appeals from a judgment following a bench trial awarding Appellee, Christopher Fisher, $3,906.44 in damages based upon the theory of negligent entrustment. Fisher suffered those damages as a result of a vehicular collision involving his vehicle and Harbin's vehicle, while it was being operated by Harbin's fiancée, Julia Collins. In a single issue, Harbin asserts the evidence at trial was legally insufficient

to support the trial court's finding that he negligently entrusted his vehicle to Collins.[1] We agree. Accordingly, we reverse the trial court's judgment and render judgment in Harbin's favor.

## BACKGROUND

In February 2016, Collins was driving a Dodge owned by Harbin, and Fisher was driving a Chevrolet owned by Robert Harper north on IH 45, a four-lane highway. When Collins attempted to make a lane change from left to right, Fisher sounded his horn to gain her attention and warn her of an impending collision. Collins continued to make that change, and as a result, she struck the vehicle being driven by Fisher. The collision pushed him off the road where his vehicle struck a tree. Thereafter, Fisher filed an action in Justice of the Peace Court Number 1 in Walker County against Harbin for negligently entrusting his Dodge to Collins. A finding was issued in Fisher's favor and Harbin appealed to the Walker County Court at Law for a trial de novo. *See* TEX. R. CIV. P. 506.3 ("A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial.").

In October 2017, a bench trial was held. Prior to trial, the following stipulations were entered into by the parties: (1) on the date of the collision, Harbin owned the Dodge Charger involved in the collision; (2) Harbin entrusted his vehicle to Collins; (3) Collins's

---

[1] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between the precedent of the Tenth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

negligence proximately caused the collision with Fisher; and (4) the Chevrolet driven by Fisher sustained damages of $3,906.44, in addition to $41.00 in court costs.

Harbin and Collins were the only witnesses at trial. Harbin testified that in February 2016, Collins was his fiancée and they had been living together for three years.[2] Prior to giving her permission to drive his Dodge, she was driving a Chevrolet Malibu under an insurance policy that insured her and her mother. When her mother needed the use of the Malibu, Harbin allowed Collins to drive his Dodge on a daily basis. Harbin had purchased his insurance policy on the Dodge prior to the collision and excluded Collins from his policy because he believed she was covered on the policy with her mother and saw no reason to pay extra for additional insurance.

Harbin also testified that on numerous occasions, he had ridden as a passenger while Collins was driving. Based on his experience, he considered her a good driver who paid attention to the road and obeyed traffic laws. He had never known her to receive a traffic ticket in the three years they were together although he had heard generally that she had received a couple of traffic tickets years ago. At the time of the collision, she was a licensed driver.

Collins testified that in 2014, she was driving the Malibu when she was hit while picking up her child at school. She also received three convictions for speeding in 2008, 2009, and 2010. She testified that at the time of the collision, she was insured under the

---

[2] Harbin and Collins have since married. However, for consistency, we will use her maiden name since they were unmarried at the time of the collision.

policy issued on the Malibu and had been driving the Dodge about a month. She considered herself a good driver and had not had a speeding ticket in more than six years.

In its final judgment issued November 29, 2017, the trial court found in favor of Fisher and awarded him $3,906.44 in damages and $41.00 in court costs. Thereafter, the trial court issued its *Findings of Fact and Conclusions of Law* wherein it found that Harbin negligently entrusted his Dodge to Collins because she had several moving violations in the past, was involved in at least one collision prior to her collision with Fisher, and Harbin had excluded her from his insurance policy on the Dodge prior to the collision.

### STANDARD OF REVIEW

In conducting a legal sufficiency review, we must consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference in support of it. *City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex. 2005). We also credit favorable evidence if reasonable jurors could, while disregarding contrary evidence unless reasonable jurors could not. *Id.* at 827. A challenge to the legal sufficiency will be sustained when, among other things, the evidence offered to establish a vital fact does not exceed a scintilla.[3] *Kroger Tex. Ltd. P'ship v. Suberu,* 216 S.W.3d 788, 793 (Tex. 2006). In addition, so long as the evidence falls within the zone of reasonable disagreement, we may not invade the fact-finding role of the jurors, who alone determine the credibility of the witnesses, the weight to be given their testimony, and whether to accept or reject all or part of their testimony. *Wilson*, 168 S.W.3d at 822. The final test

---

[3] Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of fact. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied,* 541 U.S. 1030, 124 S. Ct. 2097, 158 L. Ed. 2d 711 (2004).

4

for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review; *id.*, and generally, if an appellate court sustains a "no evidence" or "legal sufficiency" issue, the appellate court must reverse and render judgment. *See In re State ex rel. K.D.C.,* 78 S.W.3d 543, 551 (Tex. App.—Amarillo 2002, no pet.) (citing *Chevrolet, Inc. v. Lewis,* 709 S.W.2d 176, 176 (Tex. 1986)).

### NEGLIGENT ENTRUSTMENT

To establish liability under the theory of negligent entrustment, Fisher was required to establish that: (1) Harbin entrusted his Dodge to Collins; (2) Collins was an unlicensed, incompetent, or reckless driver; (3) Harbin knew or should have known at the time of entrustment that Collins was an unlicensed, incompetent, or reckless driver; (4) Collins was negligent on the occasion in question; and (5) Collins's negligence proximately caused the accident. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007). *See Pesina v. Hudson*, 132 S.W.3d 133, 137 (Tex. App.—Amarillo 2004, no pet.). Evidence that the owner knew or should have known of negligent behavior is insufficient to establish incompetence or recklessness. *4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 910-11 (Tex. 2016).

Although an individual's driving record and accident history are relevant to show recklessness, evidence of isolated or remote events is insufficient. *Aboushadid v. Ward*, No. 07-05-00140-CV, 2007 Tex. App. LEXIS 885, at *12 (Tex. App.—Amarillo Feb. 5, 2007, no pet.) (mem. op.) (stating that "Courts have uniformly held individual or isolated driving violations are not evidence of recklessness or incompetence" in suit to establish negligent entrustment). *See Avalos v. Brown Auto. Ctr., Inc.*, 63 S.W.3d 42, 49 (Tex.

App.—San Antonio 2001, no pet.). Within the context of negligent entrustment, a driver is reckless when his or her *driving* presents a danger to others. *McGuire v. Wright*, No. 96-50931, 1998 U.S. App. LEXIS 5711, at *8-9 (5th Cir. 1998) (per curiam) (interpreting Texas law). *See*, *e.g.*, *Green v. Texas Elec. Whol., Inc.*, 651 S.W.2d 4, 6 (Tex. App.— Houston [1st Dist.] 1982, writ dism'd by agrt.) (basis of responsibility under doctrine of negligent entrustment is the owner's own negligence in permitting his motor vehicle to become a dangerous instrumentality by putting it into a driver's control with knowledge of the potential danger existing by reason of the incompetence or reckless nature of the driver).

### ANALYSIS

The first, fourth, and fifth elements of negligent entrustment were the subject of stipulations prior to trial and are not at issue here. Neither is there any dispute whether Collins held a valid driver's license permitting the operation of the type of vehicle she was driving at the time of the collision. On appeal, Harbin asserts Fisher offered no evidence at trial that Collins was an incompetent or reckless driver or that he knew or should have known that she was incompetent or reckless when he entrusted her with his Dodge. We agree.

For its *Findings of Fact and Conclusions of Law*, the trial court relied on three pieces of evidence to find that Collins was an incompetent or reckless driver and that Harbin should have known that she was incompetent or reckless when he entrusted her with driving his Dodge: (1) speeding tickets she received more than six years prior to the collision; (2) her involvement in at least one collision prior to February 15, 2016; and (3) the fact that she had been excluded from Harbin's insurance policy. We find that these

6

three pieces of evidence fail to raise a fact issue at trial whether Collins was an incompetent or reckless driver. That same evidence also fails to establish that Harbin knew or should have known that Collins was incompetent or reckless when he entrusted her with his Dodge.

First, although evidence of a person's driving record and accident history may be relevant to show recklessness, evidence of isolated or remote instances are insufficient to raise a fact issue when they are too remote to create a fact issue regarding the driver's recklessness. *See Wright v. Weaver*, 516 Fed. Appx. 306, 309 (5th Cir. 2013) (automobile collision that resulted in driver's arrest for public intoxication that occurred seven years before the incident too remote). Here, evidence of three speeding tickets that were eight, seven, and six years prior to an accident involving an unsafe lane change were too remote to create a fact issue regarding the driver's recklessness or incompetence when Harbin entrusted his vehicle to her. *See Avalos,* 63 S.W.2d at 49 (holding seven-year-old driving-while-intoxicated conviction was too remote to create a fact issue regarding the driver's recklessness). Second, her prior collision also fails to raise a fact issue because no citation was issued by law enforcement and no fault was determined. *Weaver*, 516 Fed. Appx. at 310. *See Hines v. Nelson,* 547 S.W.2d 378, 386 (Tex. App.—Tyler 1977, no pet.) ("[A] driving record containing listed violations or accidents in which no indication of guilt or fault is indicated is insufficient to show that the individual concerned was a habitually reckless and incompetent driver."); *Monroe v. Grider*, 884 S.W.2d 811, 815 (Tex. App.—Dallas 1994, writ denied) ("Involvement in a previous collision alone does not create an inference or conclusion that a driver is incompetent or reckless."). In addition, the only evidence of record regarding the prior

7

accident was Collins's testimony that the accident was minor and the other driver was at fault.

Finally, the trial court determined that Harbin knew Collins was an incompetent or reckless driver when he entrusted his Dodge to her because he excluded Collins from his insurance policy prior to the collision. The only record evidence at trial, however, was that he excluded her from his policy because he believed she was covered by another policy insuring her and her mother, making an additional policy redundant and more expensive. There is no record evidence to indicate otherwise. Further, Harbin testified that based on his observations, he believed Collins was a good driver. *See Batte v. Hendricks,* 137 S.W.3d 790, 791 (Tex. App.—Dallas 2004, pet. denied) ("The possession of a valid, unrestricted driver's license is evidence of a driver's competency absent any evidence to the contrary."). *See also Wright,* 1998 U.S. App. LEXIS 5711, at *7 (in the absence of any knowledge that entrustor knew, or should have known that driver was reckless, there was no duty to investigate her driving record).

Here, Fisher asserts that when Harbin chose to exclude Collins from his insurance policy, he impliedly made a representation that she was unsafe, unfit, and a high-risk driver.[4] Fisher has not cited any authority, nor have we found any, holding that the absence of automobile liability insurance, *even if known to the entrustor*, is a special

---

[4] We note that the record does not contain Harbin's insurance policy in effect at the time of the collision. Instead, Fisher relies on Harbin's testimony that Collins was excluded and *Zamora v. Dairyland County Mut. Ins. Co.*, 930 S.W.2d 739, 740-41 (Tex. App.—Corpus Christi 1996, writ denied), wherein the court held that public policy supported the validity of a named driver exclusion in an automobile insurance policy and the insurer was not obligated under the policy to provide the insured a defense against a claim of negligent entrustment. The driver in *Zamora* suffered from epileptic seizures, had been advised not to drive, and did not possess a driver's license. *Id.* at 742 (Yanez, J., concurring). Hence, *Zamora* is inapplicable here.

condition by itself that is a sufficient basis, as a matter of law, upon which a negligent entrustment claim might be based. *Wright*, 1998 U.S. App. LEXIS 5711, at *12-13 (while a failure to maintain insurance is "most imprudent," for negligent entrustment purposes, it does not define per se a driver's ability to operate a vehicle or translate into a finding that the entrustor should have known the driver was reckless). Moreover, Harbin testified that he believed Collins had insurance, at all times, under the policy her mother provided.

Having reviewed the entire record, we find that the evidence offered to establish that Collins was an incompetent or reckless driver, or that Harbin knew or should have known that she was when he entrusted the vehicle to her, was legally insufficient to establish negligent entrustment. *Chapman,* 118 S.W.3d at 751. That is, the evidence is so weak as to do nothing more than create a mere surmise or suspicion of fact. *Id*. Accordingly, we sustain Harbin's single issue and render judgment in his favor.

### CONCLUSION

The trial court's judgment in favor of Fisher is reversed in all respects and judgment is rendered that Fisher take nothing.

Patrick A. Pirtle
Justice

9